Underhill *v.* Trustees of the City of Sonora.

## UNDERHILL *v.* THE TRUSTEES OF THE CITY OF SONORA.

In suit against a municipal corporation on its bonds, the complaint sets out the bonds ; avers the defendant to be a corporation ; that the corporation made and delivered the bonds on good consideration, under an ordinance passed by the proper agents of the corporation, having authority for that purpose ; and that defendant has failed to pay : *Held,* that the complaint shows *prima facie* a liability on the part of the corporation ; and that it was not necessary to set out the ordinance, nor the vote or other proceedings of the corporate agents, or give any further description of the agents of the corporation.

Bonds of the city of Sonora, dated March 25th, 1853, and falling due in two years, are sued on April 5th, 1860. March 9th, 1855, an Act of the Legislature was passed, re-incorporating the city, and providing that "in case the public debt is not liquidated at the expiration of three years, the Trustees shall have power to levy a sufficient tax, in addition to the one per cent. authorized " in another section for general purposes of revenue, "to pay the outstanding debt." March 29th, 1858, another similar act was passed, the time mentioned being six instead of three years. These acts were passed at the instance of the corporators : *Held,* that these acts recognize the city debt, and provide for its payment ; and hence withdraw the bonds from the Statute of Limitations.

*Held,* further, that even if the acts had not been passed at the instance of the corporators, probably the result would be the same by virtue of the control the Legislature has over municipal bodies.

Where a statute imposes upon the officers of a municipal corporation the duty of levying a tax to pay the corporate debts, such officers can be compelled by appropriate legal proceedings to discharge the duty.

In this case, if the city be equitably entitled to set up the Statute of Limitations, she must do so in some other form—the case standing on demurrer to the complaint.

APPEAL from the Fifth District.

Underhill *v*. Trustees of the City of Sonora.

Suit upon twenty-three bonds of the city of Sonora in the following form :

No. 1.                                                     No. 1.
CITY OF SONORA BOND.
$100.                                                     $100.

Issued in accordance with an ordinance approved Jan. 28th, A. D. 1853.

Two years after date the city of Sonora promises to pay to the order of the Mayor thereof, the sum of one hundred dollars, provided the same be not sooner paid from funds anticipated, with interest at the rate of two per cent. per month, payable at the Treasurer's office semi-annually, on the surrender of the annexed coupons. This bond transferable by assignment on the same by the owner thereof.

In testimony whereof, the Treasurer, City Clerk and Mayor have respectively signed, countersigned and endorsed these presents, and affixed the seal of the city thereto, this twenty-fifth day of March, A. D. 1853.

PETER O. BERTINE, *Treasurer*.    [Seal.]
JOHN SEDGWICK, *City Clerk*.

Endorsed, G. WASHINGTON PATRICK, *Mayor*.

Attached to each bond were the coupons for interest. Neither the principal nor the interest of the bonds being paid, plaintiff began suit thereon April 5th, 1860. Defendant demurred to the complaint on the grounds : 1st. That it does not state facts sufficient to constitute a cause of action ; 2d, That it is ambiguous and uncertain, in not showing what the ordinance referred to in the complaint was, or who were the duly constituted agents specified therein. Demurrer sustained, and final judgment thereon for defendants. Plaintiff appeals.

*D. W. Perley*, for Appellant.

I. The complaint is not ambiguous or uncertain. If the matters pointed out in this ground of demurrer are essential to the validity of the complaint, they come within the other ground of demurrer. It was not necessary to set out the ordinance referred to in the

bonds. (*Duchess C. M. Co.* v. *Davis*, 14 Johns, 245 ; *Bank of Michigan* v. *Williams*, 5 Wend. 482 ; *Bank of Utica* v. *Smalley*, 2 Conn. 770 ; *Acome* v. *Am. Min. Co.*, 11 How. Pr. R. 27.)

As to specifying the names of the city agents, conceding it to be requisite, and this we deny, still the names were sufficiently set forth in the complaint. The bonds themselves are set out, and show on their face who executed them ; and the persons executing them are averred to be the legally constituted agents of the city.

II. The action is not barred by the Limitation Act of 1850. If the General Statute of 1850 applies, it has been, in effect, repealed so far as this debt is concerned. The Acts of March 9th, 1855, 35, secs. 10 and 16, and March 29th. 1858, sec. 2, both recognize and acknowledge the debt represented by these bonds as a subsisting debt. The city by the first act is allowed three years to pay its debt out of the ordinary revenues, and after that period it is authorized to levy a special tax sufficient to pay. This did not prevent a creditor from suing the city during these three years ; but it divested the city of the power to plead the Statute of Limitations. The holder of the bond could, after three years from the date of this act, have compelled the Trustees of the city by *mandamus* to levy a tax sufficient to pay them ; and if so, of course the debt was not barred.

The statute could not begin to run until the ninth day of March, 1858 ; and the creditor had at least four years after that time to compel the Trustees by *mandamus* to levy a tax to pay the debt ; but this could not be done if, as defendant contends, limitation began to run at the maturity of the bonds, on the twenty-fifth of March, 1855.

If, then, the Act of 1858 had never been passed, the plaintiff would have had a complete remedy to compel payment of these bonds. The effect of this act is to leave the debt subsisting, and the creditor his right of action until the twenty-ninth of March, 1864, and to postpone the remedy by *mandamus* to compel a tax to be levied to pay it until after that period has elapsed ; although it is probable that a *mandamus* would lie to compel payment out of the ordinary city revenues, provided there was sufficient money in the treasury unappropriated prior to the expiration of that time.

Underhill *v.* Trustees of the City of Sonora.

The Trustees had power to pay this debt by the levy of a tax. In the case of the *Mayor of the City of New York* v. *Furze* (3 Hill, 612) it was laid down : " That where a public body or officer is clothed by statute with power to do an act which concerns the public interest, or the rights of third parties, the execution of the power may be insisted on as a duty, though the statute creating it is only permissive in its terms." (See also, *King* v. *Inhabitants of Derby*, Skinner, 378 ; *King* v. *Barlow*, 2 Salk. 609 ; *People* v. *Corp. of Albany*, 11 Wend. 539 ; *Newburg T. Co.* v. *Miller*, 5 John. Ch. 113 ; *Malcom* v. *Rogers*, 5 Cowen, 188.)

III.   The statute cannot be pleaded, because 1st, defendants are Trustees of an express trust—they have the control of the public property, and have power to raise money by taxation to pay the public debt. (*Decouche* v. *Savatier*, 3 John. Ch. 216 ; *Cholmondely* v. *Clinton*, 2 Merir, 360 ; *Lawley* v. *Lawley*, 9 Mod. Rep. 32 ; *Deckford* v. *Wade*, 17 Ves. 96 ; *Lechuere* v. *Carlisle*, 3 P. Wms. 222 ; Hill on Trustees, 388–396 ; Angell on Limitations, 161– 177 ; *Kane* v. *Bloodgood*, 7 Johns. Ch. 109.)   And because, 2d, the duty of paying these bonds is imposed on defendants by statute law.   Against a duty so imposed the statute cannot be plead.   (2 Cro. Car. 513 ; *Bullard* v. *Bell*, 1 Mason, 243 ; 3 Paige Ch. 490.)

*H. P. Barber*, for Respondents.

I.   The ordinance ought to have been set out.   (7 Conn. 92 ; Stephens' Pl. sec. 347 ; 1 Chitty's Pl. sec. 216.)   And the complaint should have shown by what body or persons the ordinance was passed.   The allegation that it was duly and legally passed by the legally constituted agents of the city, is a conclusion of law. (*Beach* v. *King*, 17 Wend. 197.)

II.   These bonds are not exempted from the Statute of Limitations.   (Wood's Dig. 47, sec. 17, 20.)   Nothing except a promise in writing, " signed by the parties to be charged thereby," can revive the cause of action.   (Id. sec. 31 ; 9 Cal. 89.)

The Acts of 1855 and 1858, relative to the city of Sonora, did not repeal or extend the Limitation Act of 1850.   If the bondholders desired to preserve their rights, they should have obtained judgment on their demands.   The only effect of the statutes was

to permit the Trustees to levy a tax.    But the Trustees could not be compelled to levy a tax to pay a debt barred by the statute. The Acts of 1855 and 1858 undoubtedly recognized these bonds as a subsisting debt, because at that time it was a subsisting debt.

The Act of 1850 and the Act of 1855 may stand together. The plaintiff could have fixed his debt by a judgment within the time required by the Act of 1850 ; and having thus preserved his legal rights, the Trustees were empowered to raise a fund for payment.

As to defendants being Trustees, and hence unable to plead the statute, the answer is, that they hold the money raised by tax only for persons having claims not barred by the statute.    (Angell on Lim. sec. 170.)

As to the point that the statute cannot be pleaded against the enforcement of a duty imposed by statute, the answer is, that our Limitation Act provides that " an action upon a liability created by statute, other than a penalty or forfeiture," can only be commenced within three years ; a less time than we contend for.    The action, however, is not on a statute, but on the bonds.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We think the demurrer in this case was improperly sustained. The complaint set out the bond sued on ; avers the defendant to be a corporation ; that the corporation made and delivered the bond on good consideration ; that this was done under an ordinance passed by the proper agents of the corporation, having authority for that purpose ; and that the defendant has failed to pay.    This is enough, *prima facie*, to show a liability on the part of the corporation.    We see no more necessity for a plaintiff suing a corporation on a note or bond, to set out the ordinance which empowered the corporate authorities to make the contract, than for a plaintiff suing a principal on a note executed by attorney to set out in the complaint the power of attorney.    Nor is it necessary to set out the vote or other proceedings of the corporate agents, nor to give any further description of the agents than that given in the complaint. The bonds themselves are set out or minutely described, and these

show by whom they were executed; and the persons signing them are averred to be the agents of the corporation, duly empowered for that purpose.

2. The important question is that arising under the Statute of Limitations. The bonds upon their face are payable at dates which show a bar under the General Statute. But the plaintiff, to avoid the bar, sets up several Acts of the Legislature applicable to this corporation, which he alleges are sufficient to take the case from the influence of the statute. The bonds are dated twenty-fifth of March, 1853, and due two years afterwards. The first of these acts was passed March 9th, 1855, and is entitled "An Act to reincorporate the city of Sonora;" at this time the bonds were not barred. The tenth section provides that the Trustees shall have power, and it shall be their duty, semi-annually to raise, by tax on the real and personal property within the city, a revenue of one per cent., etc.; and section sixteen provides: "In case the public debt is not liquidated at the expiration of three years, the Trustees shall have power to levy a sufficient tax, in addition to the one per cent. authorized in section ten, to pay the outstanding debt." The second section of the Act of 1858 is in the same words, except that six years are specified instead of three. It is contended that this is not only a recognition of the existence of these debts by the legislative authority, but a provision for their payment. This provisional office of levying the tax, being a public duty in the officers of the corporation, cast upon them by the public law, carried with it a legal obligation to discharge it, which might doubtless have been enforced by appropriate proceedings. It afforded, in other words, a remedy to the bondholder for the enforcement of the claim as a valid money obligation. These acts were passed at the instance of the corporators, according to the averments of the complaint. With the assent of the city, this legislative recognition and provision are equivalent to the same acts done with full authority by the corporation. Indeed, we suppose they would be sufficient without such assent, by virtue of the control which the Legislature possesses over these municipal bodies. The legislative acts, then, recognize the debt, and make provision for its payment. This is enough to withdraw the case from the operation of the statute. It is equiv-

alent to a trust deed by the city, setting apart property out of which the money due was to be paid at a given time, if not sooner paid, upon a claim acknowledged to be an outstanding debt; and we cannot conceive of any principle of law or justice which would hold the claim to be barred by the statute merely because the creditor waited after this for his money.

The plea of the statute, if successful, would, under these circumstances, be nothing less than an act of unqualified repudiation of a just and honest obligation, to the payment of which the faith and honor of the defendant are pledged. The respondent suggests, in justice to the city, that she is equitably entitled to set up this defense. We think the equities of the case, if there be any, of which we cannot now judge, must be set up in some other form.

Judgment reversed, and cause remanded.