[No. 8,438.  In Bank.—September 17, 1884.]

THOMAS FREEHILL, PETITIONER, v. WM. E. CHAMBERLAIN, TREASURER OF THE CITY OF SACRAMENTO, RESPONDENT.

STATUTE OF LIMITATIONS—MUNICIPAL BONDS—INTEREST COUPONS.—Where a statute provides for the issuing of bonds of a city, with interest coupons payable as fast as money should come into the treasury from special sources designated by the act, the Statute of Limitations does not commence to run against the coupons until the money is received in the treasury in accordance with the terms of the act.

SACRAMENTO BONDS—COUPONS—DEMAND.—The interest coupons upon bonds of the city of Sacramento, issued under the Act of April 24, 1858, are not demands which are required to be presented for allowance to the auditor or board of trustees. They are payable on presentation to the treasurer, whenever there are funds in his possession which have been appropriated to the payment of the coupons by the act authorizing the bonds.

PETITION for a writ of mandamus to compel the respondent, treasurer of the city of Sacramento, to pay the amount due upon certain interest coupons of bonds of the city:

The facts sufficiently appear in the opinion of the court.

J. F. Cowdery, I. S. Belcher, and W. C. Belcher, for Petitioner.

W. A. Anderson, Freeman & Bates, and A. P. Catlin, for Respondent.

MYRICK, J.—Mandamus to compel the treasurer to pay certain coupons, being for interest on bonds. The bonds were issued under authority of the Act of the legislature of April 24,

1858. (Stats. 1858, p. 280, § 37.) According to section 35 of that act, fifty-five per cent of certain revenues therein named were set apart and appropriated to the payment of the annual interest and final redemption of the bonds. The bonds were issued by the city and received by the holders on the faith thus pledged for the payment of interest and for redemption. It became the duty of the treasurer to pay the coupons as fast as moneys came to the treasury under this act; and it was not competent for the board of trustees created by the Act of April 23, 1863 (Stats. 1863, p. 415), to divert the moneys into other channels, to the detriment of bondholders.

It is urged, that as the coupons in question matured, according to their face, on the 1st of January, 1872, the Statute of Limitations bars any proceeding on the part of petitioner to enforce payment; that if the proper amount of taxes were not levied in any one year, such levy should have been compelled by mandamus; that if any step necessary to have the proper funds in the treasury had been omitted, a proceeding to compel such step was the proper course. We do not understand this to be the law as applicable to this case. According to the Act of April 25, 1863, *supra,* no action could be maintained against the city on these bonds or coupons; by law it was the duty of the city to make provision for the payment of the bonds and coupons according to the statute under which they were issued, and by omitting to perform such duty the city could not create the defense of the Statute of Limitations; not until the funds were in the treasury, properly applicable, would the statute begin to run; not until that period would the petitioner have any right of action or proceeding against the treasurer. The contrary view would place it in the power of a municipality in many cases to avoid all payment of its debts, because, if by concert of action each officer should omit to perform his duty, the time consumed in compelling each to perform such duty might be made to consume all the period of the statute before the funds would reach the treasury. We do not think the legislature intended such result.

It was not necessary that these coupons should have been presented to or allowed by the auditor and board of trustees; they did not constitute demands within the meaning of sections 9 and 10 of the Act of April 25, 1863; neither the auditor nor

the board of trustees had any discretion or authority to reject them or prevent their payment; the statute under which they were issued established them as debts to be paid.

Let the writ issue as prayed for.

MORRISON, C. J., McKINSTRY, J., Ross, J., THORNTON, J., and SHARPSTEIN, J., concurred.