So long as the right of action upon the coupons upon which this application is founded is not barred, the petitioner is entitled to the writ of mandate applied for. By the act of 1877 they were to be paid as fast as the annual levy of 45 cents on each $100 of property in the county would produce sufficient *Page 266 
money therefor. How soon that would be would, of course, depend upon the amount of property in the county, and the amount of coupons that might be presented under the act, and the order of their presentation. They might be paid in one year and they might not all be paid in twenty years. The creditor accepted this proposition when he presented his coupons and had their presentation certified by the treasurer. This was in the nature of an agreement for an extension of time for their payment. The creditor agreed to wait, no matter how long it might take, for payment under that arrangement, and he has waited accordingly. As long as the tax was being levied and collected there was no occasion for him to bring an action, and if he had it seems very probable it could not have been maintained, had the proper defense been made. But when the money was collected he would be entitled to it; then his cause of action would be fully ripe, and if not prosecuted within the statutory period would doubtless be barred. If not levied or collected, his remedy would be the one he is now pursuing to compel the officers to do their duty in the premises.
This is in accordance with the view taken by the supreme court of the United States, upon coupons in all respects identical with those involved here, in the case of LincolnCo. v. Luning, 133 U. S. 529. We quote from that decision as follows: "The coupons, which by the general limitation law would have been barred, were presented, as they fell due, to the treasurer for payment, and payment demanded and refused, because the interest fund was exhausted. Thereupon the treasurer registered them as presented, in accordance with the act of 1877, and from the time of their registration to the commencement of this suit there was no money in the treasury applicable to their payment. This act, providing for registration and for payment in a particular order, was a new provision for the payment of these bonds, which was accepted by the creditor, and created a new right upon which he might rely. It provided, as it were, a special trust fund, to which the coupon holder might, in the order of registration, look for payment, and for payment through which he might safely wait. It amounted to a promise on the part of the county to pay such coupons as *Page 267 
were registered, as fast as money came into the interest fund; and such promise was by the creditor accepted; and when payment is provided for out of a particular fund, to be created by the act of the debtor, he cannot plead the statute of limitations until he shows that that fund has been provided."
That this has become the settled law applicable to such cases is further shown by the decision of Sawyer v.Colgan, 102 Cal. 283, 292, where, in the course of its opinion, the court remarked: "It is a general rule that when payment is provided for out of a particular fund, or in a particular way, the debtor cannot plead the statute of limitations without showing that the particular fund has been provided, or the method pursued." See, also, 1 Wood, Lim., 2d ed., 363; Underhill v. Sonora, 17 Cal. 172; Freehill v.Chamberlain, 65 Cal. 603.
Judgment reversed and cause remanded for further proceedings in accordance with this opinion.