[S. F. No. 15423. In Bank.—August 16, 1935.]

GRIFFITH COMPANY (a Corporation), Petitioner, v. COUNTY OF LOS ANGELES et al., Respondents.

Gibson, Dunn & Crutcher and Woodward M. Taylor for Petitioner.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondents.

LANGDON, J.—This is a petition for a writ of mandate to compel respondents to transfer money from the county treas-

ury to the bond redemption fund to meet unpaid instalments of principal and interest on improvement bonds. The facts and issues in this proceeding are substantially similar to those presented in *Southern California Roads Co.* v. *County of San Luis Obispo*, L. A. No. 15142 (*ante*, p. 220 [48 Pac. (2d) 34]), and *Sawyer* v. *County of San Luis Obispo*, L. A. No. 15178 (*post*, p. 776 [48 Pac. (2d) 35]), this day decided The only difference is that in the instant case a special tax was actually levied to meet the delinquency, but subsequently the board of supervisors canceled the appropriation. ■ The respondent county herein argues that unless there are separate sales for delinquencies in assessments and general taxes, its liability does not exist. As we pointed out in *Southern California Roads Co.* v. *County of San Luis Obispo, supra,* the mandatory duty to levy the special tax is not affected by the procedure followed in sales for delinquencies, and it is accordingly improper in this proceeding to attempt to set forth the construction of the statutory provisions governing such sales.

Let a writ of mandate issue as prayed.

Seawell, J., Waste, C. J., Preston, J., and Shenk, J., concurred.

Rehearing denied.