[L. A. No. 15142.   In Bank.—August 16, 1935.]

SOUTHERN CALIFORNIA ROADS COMPANY (a Corporation), Petitioner, v. COUNTY OF SAN LUIS OBISPO (a Public Corporation) et al., Respondents.

Robert H. Dunlap and George R. Larwill for Petitioner.

M. R. Van Wormer, District Attorney, for Respondents.

LANGDON, J.—This is a petition for a writ of mandate to compel respondents to levy a tax to pay principal and interest on bonds of an improvement district.

■ In 1930, by resolution of the board of supervisors of respondent county, bonds were authorized under the County Improvement Act of 1921 and the Improvement Bond Act of 1915, to pay for improvement of streets in said county, all of which were dedicated to the county as public highways. Petitioner acquired a number of these bonds, and to-day holds coupons representing unpaid instalments of principal and interest. Demand has been made for payment, and respondents have refused to transfer money into the bond redemption fund, and have also refused to levy a tax to meet the obligation. It is stipulated that a tax of 6 cents on each $100 of assessed valuation of said county will produce the amount necessary to pay the delinquent instalments.

This case comes squarely within the holding of the following recent decisions of this court: *American Co.* v. *City of Lakeport,* 220 Cal. 548 [32 Pac. (2d) 622]; *American Securities Co.* v. *Forward,* 220 Cal. 566 [32 Pac. (2d) 343, 96 A. L. R. 1268]; *Union Safe Deposit Bank* v. *City of Menlo Park,* 3 Cal. (2d) 264 [43 Pac. (2d) 811, 45 Pac. (2d) 347]. Under these decisions, a mandatory and continuing duty exists to levy a tax, not exceeding 10 cents on each $100 of assessed valuation, to pay overdue principal and interest on the bonds.

■ Respondents have advanced the contention that the improvement herein involved was of primary benefit only to the property owners of a particular residential district, and that to make the owners of property in the entire county pay for it by means of a tax is to take their property without due process of law. The fact that the streets are part of the public highway is a complete answer to this objection. (*American Co.* v. *City of Lakeport, supra.*) Respondents also suggest that the statutory procedure by which the properties of persons delinquent in their assessments are sold to the state for the benefit of the county is confused, and does not protect the rights of the county. ■ Specifically it is contended that since the statutes provide different periods of redemption from sales of property for delinquent assessments and delinquent general taxes, a separate sale must take place for each type of delinquency, and no such separate sales were had in this case. We express no opinion on respondents' interpretation of that part of the statute. A discussion of that procedure is wholly irrelevant in the present proceeding,

which seeks to enforce a clear mandatory duty imposed by the statute.

Let a writ of mandate issue as prayed.

Seawell, J., Waste, C. J., Preston, J., and Shenk, J., concurred.

Rehearing denied.