[L. A. No. 15387. In Bank.—June 30, 1936.]

D. E. THOMPSON, Petitioner, v. CITY OF COMPTON (a Municipal Corporation) et al., Respondents.

Harvey H. Atherton for Petitioner.

Ralph K. Pierson, City Attorney, James H. Mitchell, Leon T. David, William McKenzie Brown, Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondents.

SHENK, J.—Petitioner is the owner of certain improvement bonds issued as a result of three distinct improvements

initiated by the City of Compton under the 1911 Improvement Act (Stats. 1911, p. 730, as amended), the bonds being issued under the Bond Improvement Act of 1915 (Stats. 1915, p. 1441, as amended). He seeks the writ of *mandamus* to compel the respondent city and its officers, and the respondent county tax collector to levy and collect a tax on all of the taxable property in the city for the purpose of paying the principal and interest on his bonds. The cause is submitted to this court on the petition for the writ, the demurrer and motion to quash of respondents, their return, and on a stipulation as to the facts.

It appears that petitioner owns the only bonds of the three issues here involved that have not been paid, and that the amount due thereon, principal and interest, is about $17,000. The main defense of the respondents is that the tax sales at which the city purchased the property were invalid. On this point respondents urge the same points as were raised by respondents in *Hammond* v. *City of Burbank*, L. A. No. 15223 (*ante*, p. 646 [59 Pac. (2d) 495]), this day decided; in fact, the case has been submitted on the briefs filed in that proceeding. ▉ On the authority of that case it must be held that respondents are in no position to raise the question of the validity of the tax sales in this type of proceeding. The other points raised by respondents have been decided adversely to their contentions in *American Co.* v. *Lakeport*, 220 Cal. 548 [32 Pac. 622]; *Union Safe Deposit Bank* v. *City of Menlo Park*, 3 Cal. (2d) 264 [43 Pac. (2d) 811]; *Southern California Roads Co.* v. *County of San Luis Obispo*, 4 Cal. (2d) 220 [48 Pac. (2d) 34]; *Griffith Co.* v. *County of Los Angeles*, 4 Cal. (2d) 222 [48 Pac. (2d) 35]; *Sawyer* v. *County of San Luis Obispo*, 4 Cal. (2d) 776 [48 Pac. (2d) 35]; *Thompson* v. *City of La Mesa*, 9 Cal. App. (2d) 542 [50 Pac. (2d) 504]. On the authority of the above cases, the motion to quash is denied, and the demurrer of respondents overruled. As to each of three improvement districts described in the petition, a peremptory writ of *mandamus* should issue requiring respondents to levy and collect a tax on all of the taxable property in the City of Compton, not to exceed ten cents per hundred dollars of assessed valuation for each improvement, to pay for the lands purchased by the city at delinquent tax sales, the amounts to be levied and collected not to exceed in any

event the amount· due and unpaid on petitioner's bonds on June 26, 1935, the date of filing the petition herein; that the tax as above described should be levied on or before the time fixed by law for the next general tax levy for municipal and county purposes.

It is so ordered.

Curtis, J., Seawell, J., Waste, C. J., Langdon, J., and Thompson, J., concurred.