[Sac. No. 5235. In Bank.—November 28, 1938.]

GILBERT MOODY, Appellant, v. PROVIDENT IRRIGA-
TION DISTRICT (a Body Corporate and Politic), Respondent.

W. Coburn Cook for Appellant.

A. L. Garvey · and Curtiss E. Wetter, as *Amici Curiae,* on Behalf of Appellant.

George R. Freeman for Respondent.

THE COURT.—A hearing was granted in this case in order that it might be considered in connection with certain other cases dealing with related matters then pending in this court, namely, *Provident Land Corp.* v. *Zumwalt,* Sac. 5133 (*ante,* p. 365 [85 Pac. (2d) 116]), *El Camino Irr. Dist.* v. *El Camino Land Corp.,* Sac. 5161 (*ante,* p. 378 [85 Pac. (2d) 123]), and *Clough* v. *Compton-Delevan Irr. Dist.,* Sac. 5090 (*ante,* p. 385 [85 Pac. (2d) 126].) Upon a full consideration of the issues in the light of the decisions this day filed in the above-mentioned cases, we have determined to adopt the opinion of Mr. Justice Plummer, with certain excisions, as the opinion of this court. It reads as follows:

"This action was begun by the plaintiff to recover a money judgment against the defendant upon certain of its matured bonds and coupons issued on the 5th day of August, 1918, and owned by the plaintiff. The cause was tried before the court without a jury, and resulted in a judgment favorable to the defendant. From this judgment the plaintiff appeals.

"The record shows that the Provident Irrigation District was organized on the 27th day of April, 1918, and ever since said date has been and now is a duly existing irrigation district.

"On the 15th day of August, 1918, the district issued certain bonds in the aggregate sum of $1,000,000, represented by 1000 bonds in the denomination of $1,000 each, payable serially commencing on the 15th day of August, 1930, and

thereafter, on the 5th day of August of each year until 1940. The bonds provided for the payment of interest at the rate of 6 per cent per annum, payable semi-annually. The bonds had coupons attached specifying that the district would pay to the bearer, at the office of the treasurer of the district, in the city of Willows, county of Glenn, California, a sum of money representing six months' interest.

"The plaintiff is the owner of three matured and unpaid bonds, and also is the owner of matured and unpaid interest coupons of the face value of $502.50. All of the bonds and coupons owned by the plaintiff, after date of maturity and prior to the beginning of this action, were presented to the treasurer of the district for payment. There being no funds in the hands of the treasurer for the payment of either the bonds or the interest coupons, the treasurer endorsed thereon that funds were not available for payment, and that the bonds and coupons should bear interest at the rate of 7 per cent per annum from the date of presentation until notice is given that funds are available for their payment. After making this endorsement on the bonds and coupons, the bonds and coupons were returned to the plaintiff.

"The record shows that annual assessments for the payment of bonds and coupons have been duly and regularly levied by the district, but the assessments have not been paid by the landowners, and that there are not now, and have not been, any funds in either the bond or interest funds of the district with which to pay any of the plaintiff's bonds or coupons since their original due dates.

"The record shows that there has been a general default in the payment of principal and interest on the bonds of the district since January 1, 1931.

"Where an action is begun to obtain a money judgment against the district for and on account of the unpaid bonds and coupons, it is contended by the respondent that the presentation by the plaintiff of his bonds and coupons at a time when there was no money in the bond or interest funds of the district for their payment, the registration and endorsement thereof by the treasurer of the district at the request of the plaintiff agreeing to pay the plaintiff 7 per cent interest from date of presentation until notice should be given that funds were available for payment, constituted a new agreement between the plaintiff and the district, under

which the plaintiff's bonds and coupons would be exempt from the running of the statute of limitations until money sufficient to make payment thereof had come into the hands of the treasurer and notice given that money was available for the payment of the bonds; that the action by the plaintiff was either premature or an idle proceeding.

"It is further contended by the respondent that having the bonds and coupons registered and the district endorsement made by the treasurer as authorized by the provisions of section 52 of the California Irrigation District Act as amended in 1919, increasing the interest from 6 per cent to 7 per cent, and specifying that the bonds and coupons should thereafter bear interest at the rate of 7 per cent until funds were available for their payment, and the acceptance of the same by the plaintiff, constituted a new agreement. The consideration moving to the plaintiff would be the increased interest and the waiving on the part of the district of the right to plead the statute of limitations, thus, in any event rendering the entering of a money judgment against the district on the bonds and coupons an unnecessary and idle procedure.

██ "It is clear that while it has been held in a number of cases prior to the amendment of section 52, *supra,* that a money judgment was proper to be entered against the district, and also necessary to prevent the bar of the statute after the lapse of four years, it is likewise clear that the entering of a money judgment against the district does not give to a bondholder any additional remedies in seeking to enforce payment on matured bonds and matured coupons.

\* \* \* \* \* \* \* \* \* \* \* \*

"The prayer of the complaint in this action asks for judgment in the amount of the principal sum of the bonds and coupons, matured and unpaid, and interest thereon at the rate of 7 per cent per annum. The endorsement on the bonds and coupons by the treasurer of the district binds the district to pay that rate of interest whenever funds are available for such purpose. Thus, the financial interests of the plaintiff are rendered exactly the same by the endorsement as it would be after obtaining a money judgment. Again, it is thus shown that no change could be effected concerning the financial interests of the plaintiff by having a judgment entered in his favor as prayed for.

"The first paragraph of section 52, *supra,* reads as follows: 'Upon presentation of any matured bond of the District, the Treasurer shall pay the same from the bond principal fund, and upon presentation of any matured interest coupon of any bond of the District, the Treasurer shall pay the same from the bond interest fund. If money is not available in the fund designated for the payment of any such matured bond or interest coupon, it shall draw interest at the rate of seven per cent per annum from the date of its presentation for payment until notice is given that funds are available for its payment, and it shall be stamped and provision made for its payment as in the case of a warrant for the payment of which funds are not available on its presentation.'

██ "It is settled law that an irrigation district is a governmental agency, and that it has such powers, and is subject to such liabilities as are expressly provided by statute. (*Whiteman* v. *Anderson-Cottonwood Irr. Dist.,* 60 Cal. App. 234 [212 Pac. 706]; *Selby* v. *Oakdale Irr. Dist.,* 140 Cal. App. 171 [35 Pac. (2d) 125]; *Meyerfeld* v. *South San Joaquin Irr. Co.,* 3 Cal. (2d) 409 [45 Pac. (2d) 321].) Likewise, it is also well settled that the law in force at the time the bonds and coupons are issued by a district become a part of the contract. (*Hershey* v. *Cole,* 130 Cal. App. 683 [20 Pac. (2d) 972], and cases there cited.) ██ These cases, however, do not limit the power of the legislature to provide for a subsequent method of payment which does not impair the existing rights of the bondholder; nor does it prevent the legislature providing that the district and the bondholder may enter into a subsequent agreement relative to the bonds issued by the district and owned by the bondholder. In other words, there is no constitutional prohibition against a subsequent agreement being entered into between a bondholder and the district, specifying that the bonds and coupons shall be paid as soon as money is available therefor, and promising to pay the bondholder the same rate of interest which he would receive if a money judgment were entered on the matured bonds and coupons. There being, as we have stated, no change in the substantive rights of the bondholder relative to enforcing, such proceedings as the law specifies may be taken by the officers of the dis-

trict in an effort to obtain money with which to pay the bonds.

\* \* \* \* \* \* \* \* \* \* \* \*

■ "That the annual assessments and the sale of lands upon which the assessments are not paid may never realize sufficient money to pay the indebtedness of the district, is entirely beside the question. The property of the district, so far as it owns any property, constitutes a public trust and is held by the district for a public use, and, therefore, is not subject to levy and sale upon execution by a creditor of the district. (*Tulare Irr. Dist.* v. *Collins,* 154 Cal. 440 [97 Pac. 1124]; sec. 29, California Irrigation District Act.)

■ "That the statute of limitations, under the circumstances disclosed by this case, could never be pleaded by the district until it had the money in its possession to pay the bonds belonging to the plaintiff, and had given notice, is supported by the case of *Freehill* v. *Chamberlain,* 65 Cal. 603 [4 Pac. 646], where it was held that when a city issues bonds with interest coupons, payable as fast as money should come into the treasury from special sources designated in the act, the statute of limitations does not commence to run against the coupons until the money is received in the treasury in accordance with the terms of the act.

"That the registering of the bonds and coupons, as provided by section 52, *supra,* constituted a new agreement and tolled the statute of limitations until there was sufficient money in the hands of the treasury of the district with which to pay the same, and notice given as provided by the California Irrigation District Act, is upheld by the United States Supreme Court in the case of the *County of Lincoln* v. *Luning,* 130 U. S. 529 [10 Sup. Ct. 363, 33 L. Ed. 766]. The opinion in this case, after holding that a transaction similar to that which took place between the plaintiff and the district constituted the creation of a new agreement, used the following language:

" 'The cases of *Underhill* v. *Sonora,* 17 Cal. 172, and *Freehill* v. *Chamberlain,* 65 Cal. 603 [4 Pac. 646], are in point. In the former case the court observes that "the legislative acts then recognized the debt and made provision for its payment. That is enough to withdraw the case from the operation of the statute; it is equivalent to a trust deed by the state setting apart property out of which the money due

was to be paid at a given time, if not sooner paid upon a claim acknowledged to be an outstanding debt, and we cannot conceive of any principle of law or justice which would hold the claim to be barred by the statute simply because the creditor waited after this for his money". In the other case it was held that ''where a statute provides for the issuing of bonds of a city with interest coupons payable as fast as money should come into the treasury from special sources designated by the act, the statute of limitations does not commence to run against the coupons until the money is received in the treasury in accordance with the terms of the act''. '

''While the question has been presented as to whether matured bonds and matured coupons, without taking the proceedings specified in section 52, *supra,* would or would not bear interest, a ruling as to such question is not necessary to a decision in this cause. However, we may cite two cases from the supreme court of Colorado, to the effect that such bonds and coupons do not bear interest, to wit: *In re Green City Irr. Dist., Heath* v. *Green City Irr. Dist.,* 91 Colo. 202 [13 Pac. (2d) 1113], and *North River Municipal Irr. Dist.* v. *Heath,* 91 Colo. 210 [13 Pac. (2d) 1116], reported on page 1116 of the same volume.

''While the briefs presented in this cause cite a number of cases to which we have made no reference, we think what we have set forth determinative of the issues involved. The proceeding being a purely idle act, and the entry of a money judgment by the trial court affording the plaintiff no additional rights or remedies, we think the court was correct in holding in substance that it should not be burdened with proceedings which would avail the plaintiff nothing.

''We also hold that the statute of limitations in this case is tolled and cannot be pleaded by the district as a defense until the statutory period elapses after funds are in the hands of the treasurer of the district with which to make payment, and notice thereof given.''

The judgment is affirmed.