[Civ. No. 6130.   Third Appellate District.—February 9, 1939.]

NORMA V. McGRATH et al., Petitioners, v. COUNTY OF BUTTE et al., Respondents.

White & Harber for Petitioners.

Joseph R. King, Jr., District Attorney, Grayson Price and Ralph O. Marron for Respondents.

PULLEN, P. J.—By this writ of mandate, directed to the County of Butte, and to the members of the Board of Supervisors of that county, it is sought to compel them to levy a special tax in the sum of $12,828.03, to pay for lands purchased at a delinquent tax sale.

From the pleadings it appears that in 1930 a subdivision for summer home sites was laid out in the County of Butte. In order to construct a causeway over a lake to be created as a part of this project, the promoters of this tract solicited the board of supervisors to create an improvement district under the County Improvement Act of 1921 (Stats. 1921, p. 1658), to be known as Butte County Improvement District No.. 1. The board agreed and published its resolution of intention, designating the work proposed to be done, fixed the boundaries of the district to be benefited by the proposed improvements, described the proposed bond issue, and set forth other matters required by the County Improvement Act of 1921. Thereafter the proposed plan was adopted, bids were solicited and Lord & Bishop submitted a bid acceptable to the board. A contract was entered into between the County of Butte and Lord & Bishop, and bonds were issued to them when the work was completed according to specifications.

The first of the bonds matured on July 2, 1933. Assessments had been made for the payment of the bonds in the fiscal year 1932–1933, but the owners of the lands affected failed to pay the assessments, and on August 30, 1933, there being no other bidders, the tax collector of the County of Butte duly sold the property to the state on behalf of the county for $12,828.03, exclusive of interest and penalties. Since that time there has been paid into the redemption fund certain moneys, but far short of the amount for which the property was sold to the state.

This proceeding is now taken to compel the board to levy a tax sufficient to pay for the lands so purchased at the delinquent sale.

In answer to the petition respondents contend that these proceedings are based upon a liability created by statute and are barred by section 338, subdivision 1, of the Code of Civil Procedure.

In their memorandum of authorities respondents state: "It is unnecessary for this court to determine any of the issues raised by the pleadings save and except whether petitioners' alleged cause of action is barred by the statute of limitations," so we have restricted our consideration to that issue alone.

Petitioners concede that we are not concerned with any amount other than $12,828.03, that being the sum for which the property was sold to the state of California for the benefit of the County of Butte. (*Hammond* v. *City of Burbank*, 6 Cal. (2d) 646 [59 Pac. (2d) 495]; *Union Safe Deposit Bank* v. *City of Clovis*, 23 Cal. App. (2d) 358 [73 Pac. (2d) 242].) By this concession of petitioners and the foregoing authorities we are here concerned with the levy of a tax sufficient only to cover the balance due on the original sale, and not for the total amount of the bond issue.

Turning now to a consideration of the application of the statute of limitations, we do not find that the attempt of the petitioners to. compel the board to levy a tax to pay for the lands purchased by the county is a liability created by statute, but is rather a proceeding to compel the performance of a duty as part of the contract created by the bond.

This matter appears to have been passed upon and determined by our Supreme Court in several proceedings. In *Union Safe Deposit Bank* v. *Menlo Park*, 3 Cal. (2d) 264 [43 Pac. (2d) 811], petitioner set forth in its petition for a writ of mandate, certain facts, among them the issuance of the bonds, and default in the payment of the assessments levied; the sale of the property against which the bonds were made a lien, and the refusal of the city to take the necessary legal steps to levy a tax to the extent and at the rate fixed by law, to apply on said bonds. The court there held that a mandatory duty rested upon the city to levy and collect the tax, holding that the failure to levy the tax in any year did not preclude the levy at a later date since the "duty . . . *is a continuing obligation*", for it was the duty of the city, under the Improvement Bond Act of 1915 (Stats. 1915, p. 1441) to levy a tax, and if the city failed in any past year

to make such levy, that duty continued, so as to enable the court in a subsequent proceeding to compel the same.

In *Southern California Roads Co.* v. *San Luis Obispo County,* 4 Cal. (2d) 220 [48 Pac. (2d) 34], the supervisors of that county had authorized bonds under the County Improvement Act of 1921 and the Improvement Bond Act of 1915 to pay for work on certain streets. The county refused to levy a tax to meet the obligation. The court there held (citing authorities) that "*a mandatory and continuing duty* exists to levy a tax not exceeding ten cents on each hundred dollars for the assessed valuation to pay overdue principal and interest on the bonds".

In *Hammond* v. *City of Burbank, supra,* it was held the duty to levy the tax is a *continuing* duty so long as the obligation to levy the same is shown to exist.

In that case the city of Burbank, in 1924, pursuant to the provisions of the Improvement Act of 1911, proceeded to improve certain streets, and bonds were issued to the contractor in payment of the work. Beginning with 1925 the first of the assessments for the payment of these bonds became delinquent, and in 1926 were sold by the county tax collector to the state of California. The same procedure was followed for each succeeding year as the bonds matured. In 1932 the tax collector made a demand upon the city that it provide funds for the payment of the delinquent assessments as required by the Improvement Bond Act of 1915.

The petition for a writ of mandate to compel the city to act in this matter was filed in July, 1935. The answer of the city to the petition pleaded laches, and that the action was barred by the provisions of sections 337, 338 and 339 of the Code of Civil Procedure. This point is extensively argued in the respective briefs, although not passed upon by the court in its opinion. Petitioners argue that the bondholders, having no right of action against the lot owners, are dependent upon the city for relief, and that the city, by the issuance of the bonds, has pledged itself to make and collect the assessments and to pay the same into a redemption fund, and not until this is done does the statute of limitations apply, the city becoming in effect a trustee. (*Sawyer* v. *Colgan,* 102 Cal. 283 [36 Pac. 580, 834]; *Freehill* v. *Chamberlain,* 65 Cal. 603 [4 Pac. 646].)

Replying specifically to the application of section 338 of the Code of Civil Procedure, petitioners there point out that a writ of mandate brought before the city had refused to perform its duty would have been premature, as the right of action depended upon the refusal of the city to perform. (Merril on Mandamus, sec. 226; *City of Bisbee* v. *Cochise Co.*, 44 Ariz. 233 [36 Pac. (2d) 559]; *State* v. *Bailey*, 99 Mont. 484 [44 Pac. (2d) 740].)

In reply, the city claimed, as do respondents here, that as against the right of petitioners to compel payment of their bonds out of the redemption fund no limitation has attached, and would not until there was money in the bond fund to pay for the bonds, but insist that this is an action to compel the city to buy and pay for property, and, therefore, the right of action arose at the time of the delinquency, citing *Barnes* v. *Glide*, 117 Cal. 1 [48 Pac. 804, 59 Am. St. Rep. 153]; *Brownrigg* v. *DeFrees*, 196 Cal. 534 [238 Pac. 714].

We do not believe the facts here justify the application of the plea of the statute of limitations. In *California Savings & Loan Society* v. *Culver*, 127 Cal. 107 [59 Pac. 292], it is stated that the purpose of the statute of limitations is intended to prevent stale demands, but when the facts relied upon leave it clearly in doubt whether the case is within the statute pleaded, courts should not indulge in a strained construction in order to support it.

In *Kerr Glass Mfg. Corp.* v. *San Buenaventura*, 7 Cal. (2d) 701 [62 Pac. (2d) 583], the petitioner therein sought, by writ of mandate, to compel respondents to levy a tax sufficient to pay for all lands purchased which had been sold for delinquent improvement district assessment instalments. It also appeared that during the years, as the assessment instalments became due and remained unpaid, the city became the purchaser of the property but had not paid into the bond redemption fund the purchase price of such lands. Although the question there was as to the power to compel the bondholders to accept payment on a *pro rata* basis, the court did say, however, in approving *Hammond* v. *City of Burbank, supra*, "that the duty of the city to levy and collect the ten cent tax is continuing only so long as advances to the redemption fund on account of the purchase price of lands sold to the state have not been made. . . . "

In that case also respondent claimed petitioner was barred by section 338 of the Code of Civil Procedure, but the court failed to comment upon this defense. Inasmuch as the bar of the statute would have been a complete answer to the contention of respondents in both the Burbank and Kerr Glass cases, it seems reasonable to infer that the court was not impressed by the defense of the statute of limitations, and did not consider it applicable.

In *Tillman Co.* v. *City of Seaside,* 145 Ore. 239 [25 Pac. (2d) 917], facts somewhat similar to those at bar were presented and the question was whether or not the three-year statute of limitations barred the action. The court there held that the statute did not bar the bonds as to principal or interest, and that it would logically follow that it did not therefore bar the remedy. The statute not having run against the claim itself, "the exclusive remedy by which it may be enforced ought not to be barred". "It was a continuing duty on the part of the officials of the City of Seaside to provide the funds with which to pay these warrants."

Both reason and authority seem to hold that the relief here sought by petitioners is not barred, and it is therefore the order of this court that the writ issue requiring the respondent members of the Board of Supervisors of the County of Butte to ascertain the required amount, and to levy, in the manner provided by law, a special tax to pay for the lands purchased at the delinquent sale heretofore described, in an amount sufficient to place in the delinquent bond fund the purchase price of said lands.

Thompson, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1939.