[Civ. No. 3199. Fourth Dist. May 9, 1946.]

CLYDE E. CATE et al., Appellants, v. PAUL BOURZAC et al., Respondents.

Ralph Robinson for Appellants.

Cecil E. Edgar and Edmond A. Chevalier for Respondents.

BARNARD, P. J.—In this quiet title action the plaintiffs appeal from a judgment quieting title to the real property involved in the defendants.

The appeal is presented on an .agreed statement and the sole issue is as to the respective rights of the appellants, who claim under a sale for delinquent irrigation district taxes, and of the respondents, who claim under a deed from the state after a sale for delinquent county taxes.

The property in question was sold to the state on June 8, 1935, for delinquent taxes for the fiscal year 1934-35. Pursuant to that sale the property was deeded to the state on June 21, 1940. On March 23, 1945, it was deeded by the state to the respondents as the purchasers at a tax sale held on that date.

In the meantime, the property was deeded to the Fresno Irrigation District, for delinquent irrigation taxes, on September 20, 1938. On March 10, 1941, the Fresno Irrigation District conveyed the property by quitclaim deed to L. C. White, who conveyed it by quitclaim deed to the appellants on March 24, 1941.

On the undisputed facts before us the only question of law raised has been definitely settled by the recent case of *Monheit* v. *Cigna*, 28 Cal.2d 19 [168 P.2d 965]. In that case, the court said: ". . . Under the law in effect at the time the deed was issued to the state, and at the time the state executed the deed to the purchaser in the instant case, which was after 1939, the title conveyed by the state did not cut off special assessment liens. The two liens were, under *La Mesa etc. Irr. Dist.* v. *Hornbeck, supra* [216 Cal. 730 (17 P.2d 143)], on a parity." In the case now before us both the deed to the state and the deed from the state to the respondents were made after 1939, the former on June 29, 1940, and the latter on March 27, 1945.

There is no distinction between the two cases on the ground that the present case involves, on the one hand, an assessment and sale for irrigation district taxes while the case cited involved an assessment and sale under street bonds. Each was a special assessment within the meaning of the rule laid down in the case cited, and an analysis of the pertinent statutes and decisions compels the conclusion that there is no difference, in this regard, between rights acquired through a deed based upon delinquent irrigation district taxes and rights acquired through a deed based upon sales for delinquent street assessments. In the case above cited, after referring to successive tax or assessment liens by the same taxing agency, the court said: "Be that as it may, it is clear that under the statutes here involved, where we have separate taxing agencies and purposes, and a general tax lien against a special assessment lien, we should apply the parity rule without qualification."

It follows that the parity rule is here applicable and that the appellants and respondents, respectively, own this property as tenants in common, each set of parties owning an undivided one-half interest therein subject to a lien in favor of each against the entire property in the amount paid for the respective interests.

The judgment is reversed with instructions to the trial court to make findings and enter a judgment in accordance with the views herein expressed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied June 7, 1946, and the opinion was modified to read as above.