[Civ. No. 3911.   Fourth Dist., Aug. 20, 1948.]

IMPERIAL IRRIGATION DISTRICT, Appellant, v. GEORGE VARNEY, as Treasurer, etc., et al., Respondents.

Harry W. Horton and George R. Kirk for Appellant.

Clarence J. Walker for Respondents.

BARNARD, P. J.—This is a quiet title action involving a number of lots in the city of Westmorland.

The plaintiff claims title under various deeds obtained through sales of the lots for nonpayment of assessments levied by the irrigation district. These deeds were taken, respectively, in the years 1935, 1937, 1938, 1939, 1941, 1942 and 1945. In each instance, the deed was given for one year's

delinquency, being the latest available year, but a number of prior delinquencies existed, some of these delinquencies being prior to 1932.

The defendant Hickey was the owner of a number of bonds issued on June 23, 1932, for the installation of a sanitary sewer system, and made a lien on these lots. These bonds were issued under the provisions of the Improvement Act of 1911, and were ordered by the Westmorland Sanitary District under the provisions of the Sanitary District Act of 1923. (Deering's Gen. Laws, 1937, Act 7105, now Health & Saf. Code, § 4700 et seq.) These bonds being in various stages of delinquency on May 1, 1946, the county treasurer gave written notice of foreclosure proceedings if payments were not made within six months, pursuant to section 68 of the Improvement Act of 1911 [Stats. 1911, p. 1192; Deering's Gen. Laws, 1937, Act 855], as amended (Stats. 1933, p. 2390), now section 6501, Streets and Highways Code.

On October 11, 1946, the plaintiff brought this action to enjoin the defendants from proceeding with the foreclosure of these bonds and to quiet its title against the liens of said bonds. ■ The court found that the plaintiff is the owner of these properties subject to the effect of the liens of these respective bonds and the due foreclosure thereof, and concluded that these bonds represented a lien on the property with the right on the part of the defendant Hickey, upon his receiving deeds after due foreclosure of the bonds, to hold and own the property as a tenant in common with the plaintiff "under an ownership now known as the parity rule." Judgment was entered accordingly, from which the plaintiff has appealed.

The appellant contends that its respective deeds extinguished the liens of the bonds held by the respondent Hickey and conveyed absolute title to the lots to the irrigation district. It is pointed out that section 48 of the California Irrigation District Act (Stats. 1897, p. 254; Deering's Gen. Laws, 1941 Supp., Act 3854) and now section 26300 of the Water Code, has at all times material here provided that such a deed, conveying property to an irrigation district for the nonpayment of assessments, shall convey an absolute title "free of all encumbrances." It is argued that this eliminates any difference with respect to the times involved, due to a change in statutes, as mentioned in *Smith* v. *Addiego,* 54 Cal.App.2d 230 [129 P.2d 953]. It is further argued that the parity rule, as applied in *La Mesa etc. Irr. Dist.* v. *Horn-*

*beck,* 216 Cal. 730 [17 P.2d 143], is not here applicable since that case was decided on the ground that property thus acquired by an irrigation district, through an assessment deed, was not impressed with a public trust, and because the effect of that decision has been overruled by three later cases holding that all property of an irrigation district is owned and held in a governmental capacity. The three later cases, which it is thus contended have overruled the La Mesa case, are *El Camino Irr. Dist.* v. *El Camino Land Corp.,* 12 Cal.2d 378 [85 P.2d 123] ; *Moody* v. *Provident Irrigation District,* 12 Cal.2d 389 [85 P.2d 128] and *Anderson-Cottonwood Irr. Dist.* v. *Klukkert,* 13 Cal.2d 191 [88 P.2d 685].

As we read the three cited cases they have not overruled the effect of the decision in the La Mesa case in the respects which are material here. These cases have decided a question which was expressly reserved in the La Mesa case, namely, whether nonoperative property held by an irrigation district under a mere tax title may be subsequently assessed for general taxes. ■ The fact that it has·been later decided that property thus acquired by an irrigation district was not subject to subsequent taxation, or that such title as is acquired is held in a governmental capacity, is in no way controlling on the question as to the nature of the title acquired by the district through an assessment sale, and at a time when other liens exist in favor of other state agencies.

In the La Mesa case, it was first concluded that under our system of taxation liens in favor of county and municipal corporations and special assessments by state agencies for public purposes are all on an equality, and that in case of delinquency a deed to any one of these agencies will not obliterate existing liens in favor of any or all of the others, unless such a result was compelled by the provisions of what was then section 3804a of the Political Code. That section provided that any uncollected tax or assessment might, under some circumstances, be cancelled by order of the board of supervisors or other governing board.

It was then held that nothing in section 3804a compelled such a result. One reason given was that in order for one such agency to be in a position to compel the cancellation of an existing lien in favor of another agency, the property in question must have been property which was impressed with the public purpose committed by law to the agency applying for the cancellation. The reason for this was that one such agency could not be permitted to take property, under its

lien, the use of which was essential to another agency in carrying out the very public purpose for which it was formed. This naturally applies only to operative property and not to property held under a mere tax title and taken to secure required revenue and not for permanent public use. The fact, as later determined, that even nonoperative property acquired through a tax title is not subject to future general taxation, is not controlling.

Moreover, the La Mesa case further held on other grounds that section 3804a did not compel a conclusion other and different from the general conclusion that the liens of these various state agencies are on an equality and that a deed to one will not obliterate existing liens of the others. It was held that property acquired in a tax sale does not thereby become impressed with a public trust, in the sense there being considered, and in the absence of being put through a different procedure for that purpose; that sections 47 and 48 of the irrigation law do not, as would be required, specifically declare that such a title extinguishes the claim of other agencies of the state; that the clause in section 48 of the irrigation law providing that such a deed shall convey title to the irrigation district ''free of all encumbrances'' does not have the effect of extinguishing the existing liens of other agencies of the state; and that such a deed to a state agency for delinquent taxes or assessments does not, of itself and necessarily, destroy existing liens in favor of other state agencies. It was then pointed out that this construction harmonizes section 48 of the irrigation law with portions of the various special acts under which the various state agencies operate. Among these other special acts is the Improvement Act of 1911, which provides that the bonds issued thereunder shall remain a lien upon the property until they are paid.

We conclude that the rule applied in the La Mesa case has not been overruled, so far as material here, by the other decisions relied on and that the trial court here properly applied the parity rule. (*Cate* v. *Bourzac,* 74 Cal.App.2d 422 [168 P.2d 971].) This conclusion is confirmed by the reasoning in *Monheit* v. *Cigna,* 28 Cal.2d 19 [168 P. 2d 965, 167 A.L.R. 995], which also supports the conclusion that a different rule is not here applicable because of the dates of the various assessments and deeds here involved.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.