[Civ. No. 6511.   Third Dist.   Sept. 27, 1951.]

H. S. LORD et al., Petitioners, v. MATTIE R. LUND, as Tax Collector, etc., et al., Respondents.

White & Harber for Petitioners.

Raymond A. Leonard for Respondents.

VAN DYKE, J.—Proceeding in contempt.

In 1930 the Board of Supervisors of Butte County created an improvement district under the County Improvement Act of 1921 (Stats. 1921, p. 1658) for the purpose of making certain improvements in the designated area.  The work was done and bonds were issued.  Assessments levied to pay the bonds became delinquent and on August 30, 1937, the lands

were sold to the state for the sum of $12,828.03. Bondholders then brought action to compel the board of supervisors to levy a tax in accordance with the act to provide money wherewith to pay the sum for which the lands were sold. This court ordered the supervisors to do this. (*McGrath* v. *County of Butte,* 30 Cal.App.2d 734 [87 P.2d 381].) The tax was levied and the money so provided was paid into the bond redemption fund. When demand was made that the disbursing officers of the county, the treasurer and the auditor, pay these moneys to the bondholders they refused to do so and a second proceeding in mandate, this time against these officers only, was begun. After some time it was stipulated that a writ issue. By that writ this court commanded the respondents, who are the same persons now brought before this court in this proceeding, that they disburse the moneys in the fund to the bondholders; and this court further commanded them, as such officers, to audit and issue warrants and pay out pro rata to such bondholders all sums which might thereafter be paid into the fund. The payment of moneys then in the fund was made. Since that time other moneys have accumulated in the bond redemption fund which the bondholders have demanded, and respondents herein again refusing to pay, petitioners, the bondholders, filed in the same proceeding in mandate last referred to, an affidavit charging respondents with contempt of this court in that they had refused to disburse said sums to bondholders as ordered. This court issued an order to respondents that they show cause why they be not declared in contempt, and in response thereto respondents have made return as follows: They say there is now in the fund the sum of $13,750.72 and they do not contend that of that sum the amount of $4,724.04 is not properly payable to bondholders as being derived from sources to which they have lawful right to look for the payment of their bonds. But as to the balance of $9,026.68 they say the same is not properly available to meet the bondholders' demands because derived from a resale to private purchasers of the lands bought by the state at the first sale for delinquent assessments. As to this money they argue that the bondholders have received the amount for which the lands were sold to the state, which moneys were provided through the mandated tax levy made pursuant to our order in *McGrath* v. *County of Butte, supra*; that when these lands, not having been redeemed, were sold to private purchasers and the said sum of $9,026.68 received

therefor, the money was paid into the bond redemption fund by mistake; that it should have been retained by the county in recoupment for the funds the county had raised by the tax levy and paid into the fund under said mandate.

■ It is to be borne in mind that respondents here are in effect saying that because these moneys were derived from resale of the tax-deeded lands it was beyond the power of the board to thereafter place them in the bond redemption fund, and that we must therefore absolve respondents of any duty to pay them to petitioners. But it does not follow that because the disputed funds were so acquired by the county they or an equal amount from the general funds of the county could not be legally deposited in the bond redemption fund by the board and then become available to meet bond requirements. Advances to the bond redemption fund by the county "are authorized to be made from two possible sources, one the mandatory levy not exceeding ten cents on each $100 of taxable property in the city [here the county], . . .; and, second, the transfer of moneys from the general fund when there are surplus moneys available, as advances on the amount of improvement assessment instalments falling due on lands sold to the city subsequent to the delinquent tax sales." (*Kerr Glass Mfg. Corp.* v. *San Buenaventura*, 7 Cal.2d 701, 707 [62 P.2d 583].) It may well be that when these moneys were returned to the county upon sale of the tax-deeded lands they became surplus moneys in the general fund of the county and were advisedly paid over into the bond redemption fund by the board to meet improvement assessments falling due on lands sold to the county subsequent to the delinquent tax sales. If that was the case then the supervisors could legally pay the moneys into the bond fund and it would become the duty of respondents to disburse them to the bondholders. It is to be presumed that official action has been properly taken. By their return filed herein respondents have done no more than show a state of facts that *may* not have justified the board's action; that, in view of the presumption, is not enough. To prevail here respondents must show a state of facts whereunder, in all events, the board acted illegally. This, as we have pointed out, they have not done. It follows that respondents have not obeyed the order of this court nor shown cause why they have not done so. It is ordered that respondents disburse the disputed funds to the bondholders in accordance with law and the previous order of this court; that this be done within 20 days; that within 20 days after payment proof

thereof be made to this court by respondents, whereupon respondents shall stand purged of contempt; that if respondents fail herein such further action be taken as shall be appropriate.

Peek, J., and Schottky, J. pro tem., concurred.