[Sac. No. 5090. In Bank.—November 28, 1938.]

GEORGE A. CLOUGH, Appellant, v. COMPTON–DELE-VAN IRRIGATION DISTRICT (a Body Corporate and Politic) et al., Respondents.

George A. Clough, *in pro. per.*, and Tobin & Tobin for Appellant.

U. S. Webb, Attorney-General, Ralph H. Cowing and Neal Chalmers, Deputies Attorney-General, Rutledge & Rutledge, W. Coburn Cook and Charles L. Childers for Respondents.

- Hankins & Hankins, C. F. Metteer, Arvin B. Shaw, Jr., A. L. Cowell and Thomas C. Boone, as *Amici Curiae,* on Behalf of Respondents.

THE COURT.—This is an action by an unpaid bondholder of an irrigation district seeking partition of the lands of the said district which were deeded to the district after default in assessment.

The complaint alleges the following facts. Defendant Compton-Delevan Irrigation District was organized in 1920 under the California Irrigation District Act. It issued over $300,000 worth of bonds to finance its works. Interest and principal obligations maturing on January 1, 1932, are unpaid. All of the lands in the district were sold to the district for delinquency, and in practically all cases the time for redemption has passed and title is vested in the district. Similar sales of the same land for delinquency have been made to Sacramento and San Joaquin Drainage District, and to Reclamation District No. 2047. The irrigation district has practically ceased to function. Plaintiff holds 21/384 of the outstanding bonds.

The complaint makes further allegations to the effect that the entire cost of creation of the district and construction of its works was met by funds contributed by the bondholders; that when title to the tax-deeded lands vested in the district, it took such title as trustee for the bondholders; that plaintiff and other bondholders are now collectively the owners of equitable interests in the land, and of estates of inheritance therein. The prayer is that the property be partitioned among such bondholders, or if this is not possible, that it be sold; and if neither be possible, that the court declare what relief shall be granted and instruct the plaintiff as to what procedure should be pursued, in order to obtain it.

The lower court sustained demurrers without leave to amend, and after judgment for defendants, plaintiff appealed.

The economic background of this and similar cases, and the rights of the irrigation districts and their bondholders, are fully considered in two decisions of this court filed to-day, *Provident Land Corp.* v. *Zumwalt*, Sac. No. 5133 (*ante*, p. 365 [85 Pac. (2d) 116]), and *El Camino Irrigation Dist.*, v. *El Camino Land Corp.*, Sac. No. 5161 (*ante*, p. 378 [85 Pac. (2d) 123]). In the Provident Land Corporation case we held that the bondholders were entitled to reach money derived from rentals of the tax-deeded lands. In the El Camino Irrigation District case we held that bondholders with judgments against the district could not levy execution on such lands. In the instant case we find the bondholder seeking the unusual remedy of partition of the land on the theory that the contribution of the original capital of the district gave him a sufficient interest in the lands of the district.

The unprecedented character of plaintiff's action makes it somewhat difficult to discuss. His theory seems to be that the original loan of money to the district created both an equitable lien and a resulting trust under section 853 of the Civil Code, reinforced by section 29 of the Irrigation District Act; that this trust is in favor of the bondholders as beneficiaries; that the beneficiary of a trust has an estate of inheritance and is therefore entitled to partition under section 752 of the Code of Civil Procedure. There is no authority supporting the main proposition for which plaintiff contends, and the entire argument runs counter to the terms of the statute and the holdings of our cases.

There is, first, no lien or resulting trust arising from the purchase of the bonds. The statute fully defines the relationship of bondholders, district and landowners. Nowhere does it declare that the bondholder has a lien on the land itself, and it certainly does not recognize any trust for his sole benefit. Section 29 provides that the title to land acquired by the district shall vest in the district, "and shall be held by such district, in trust for, and is hereby dedicated and set apart to the uses and purposes set forth in this Act." The property is by this language impressed with the public use, and the trust is for all the purposes of the act. Payment of the bondholders is such a purpose, as we have held in the Provident Land Corporation case, *supra;* but there

are other purposes as well, and the bondholders cannot be considered exclusive beneficiaries, even if the doubtful assumption be made that they, as individuals, are beneficiaries at all. Indeed, it is futile to attempt to discover the ''beneficiaries'' of the statutory trust created by section 29. It is enough to point out that it is an active trust for public uses and purposes, and to permit partition of the land which constitutes its *corpus* would mean the destruction of the trust, in violation of the statute. The same considerations of policy which make this property exempt from execution (see *El Camino Irr. Dist.* v. *El Camino Land Corp., supra*) are equally applicable to any attempt to take the same by partition.

 Plaintiff's vague demand for declaratory relief amounts to nothing more than a request that the court devise some means of obtaining payment of his bonds, and was properly refused. The prayer for judgment on the bonds would be futile, since enforcement by execution is not permitted (*El Camino Irr. Dist.* v. *El Camino Land Corp., supra*), and hence the refusal to permit the action to go to judgment for this purpose cannot be considered reversible error. (See *Moody* v. *Provident Irr. Dist.*, Sac. No. 5235 (*post*, p. 389 [85 Pac. (2d) 128]) this day filed.)

The judgment is affirmed.