[L. A. No. 17248. In Bank.—April 16, 1940.]

PEOPLES STATE BANK (a Corporation), Appellant, v. IMPERIAL IRRIGATION DISTRICT et al., Respondents.

W. Coburn Cook for Appellant.

Peter tum Suden, Richard tum Suden, Call, Murphey & Davis, Herman Phleger, Brobeck, Phleger & Harrison, Pillsbury, Madison & Sutro, Hugh K. McKevitt, Clark, Nichols & Eltse, George Clark, David Freidenrich and Ralph Alfred Wood, Jr., *Amici Curiae*, on Behalf of Appellant.

Harry W. Horton and George R. Kirk for Respondents.

Stephen W. Downey, *Amicus Curiae*, on behalf of Respondent.

CURTIS, J.—This action was instituted by the plaintiff the owner and holder of five one-thousand dollar bonds of the defendant irrigation district, together with attached coupons, for declaratory relief and for an injunction restraining and prohibiting the defendant district from instituting proceedings under chapter X (now chap. IX) of the United States Bankruptcy Act. Chapter X (now chap. IX) of said act comprises sections 81 to 84 of said Bankruptcy Act. Said chapter was enacted as an amendment to the bankruptcy statute on August 16, 1937. (50 U. S. Stats., p. 653.)

Count one of the complaint purports to set forth a cause of action entitling the plaintiff to declaratory relief in an alleged actual controversy between the plaintiff and defendants ''as to the right of the defendants to file a petition under the bankruptcy act'', and count two of the complaint is for an injunction directed to the defendants restraining them from filing any proceedings under the bankruptcy laws of the United States. The defendants appeared and filed both a general and special demurrer to said complaint. On the hearing of said demurrer, the trial court sustained the same and dismissed the action. From the judgment following said order of dismissal the plaintiff appealed to this court.

The contentions of the appellant are (1) that an irrigation district organized under the laws of this state is a governmental agency and as such is not subject to said chapter X (now chap. IX) of the United States Bankruptcy Act, and (2) that the state has not given its consent to the filing of a petition for composition of its debts by an irrigation district under the Bankruptcy Act of the United States,

as amended by the enactment of said chapter X (now chap IX) thereof.

Each of these two contentions has been, in our opinion, completely answered adversely to the appellant by the opinion of the Supreme Court of the United States in the case of *United States* v. *Bekins*, 304 U. S. 27 [58 Sup. Ct. 811, 82 L. Ed. 1137]. The facts in that case show that the Lindsay-Strathmore Irrigation District, organized under the laws of this state, sought to take advantage of the amendment to the United States Bankruptcy Act, being chapter X (now chap. IX) of said Bankruptcy Act (which purports to provide a method of relief for certain taxing agencies by permitting them to file a proceeding for the composition of their debts) and chapter 4 of the 1934, Extra Session Statutes of this state. Chapter 4 of the 1934, Extra Session Statutes, purports to grant permission to ''taxing districts as described in Chapter IX'' of the United States Bankruptcy Act to file proceedings for the composition of their debts under said act, ''or as the same may be modified from time to time''. In other words, the proceeding instituted by the Lindsay-Strathmore Irrigation District which was considered by the court in the last named case is precisely like that which the appellant alleges the respondents are proposing to institute unless prohibited by order of court. Upon the filing of such a petition in the United States District Court by the Lindsay-Strathmore Irrigation District, Milo Bekins, and others, holding unpaid bonds of the district, appeared in said action and filed objections to the granting of the district's petition. The district court sustained the objection of Bekins and associates, and an appeal was taken from the judgment of the district court to the United States Supreme Court. On appeal the appellees laid special stress upon the case of *Ashton* v. *Cameron County etc. District*, 298 U. S. 513 [56 Sup. Ct. 892, 80 L. Ed. 1309], wherein the court had declared unconstitutional the original chapter IX of the United States Bankruptcy Act on the ground that said act might materially restrict the state's control over its fiscal affairs. In commenting on that objection to chapter IX of said act, and referring to the amendment as contained in chapter X thereof, the court, in the Bekins case, page 50, explained, ''In enacting Chapter X the Congress was especially solicitous to afford no ground for this objection. In the report

of the Committee on the Judiciary of the House of Representatives, which was adopted by the Senate Committee on the Judiciary, in dealing with the bill proposing to enact Chapter X, the subject was carefully considered''.

The court then quotes portions of the report of the House Judiciary Committee in which it refers ''to the sweeping character'' of the Ashton case, and expresses its belief that the proposed amendment to the United States Bankruptcy Act ''is not invalid or contrary to the reasoning of the majority opinion''.

After its quotation from the report of the House Judiciary Committee, the court in the Bekins case continues (page 51): ''We are of the opinion that the Committee's points are well taken and that Chapter X is a valid enactment. The statute is carefully drawn so as not to impinge upon the sovereignty of the State. The State retains control of its fiscal affairs. The bankruptcy power is exercised in relation to a matter normally within its province and only in a case where the action of the taxing agency in carrying out a plan of composition approved by the bankruptcy court is authorized by state law.''

Prior to the foregoing statement the court had given consideration to the effect and validity of chapter 4 of the statutes of this state enacted at the 1934 special session. In respect to said statute the court (page 47) stated: ''It is unnecessary to consider whether Chapter X would be valid as applied to the irrigation district in the absence of the consent of the State which created it, for the State has given its consent. We think that this sufficiently appears from the statute of California enacted in 1934. (Laws of 1934, Ex. Sess., chap. 4.) This statute (section 1) adopts the definition of 'taxing districts' as described in an amendment of the Bankruptcy Act, to-wit, Chapter IX approved May 24, 1934, and further provides that the Bankruptcy Act and 'acts amendatory and supplementary thereto, as the same may be amended from time to time, are herein referred to as the ''Federal Bankruptcy Statute'' '. Chapter X of the Bankruptcy Act is an amendment and appears to be embraced within the state's definition. We have not been referred to any decision to the contrary. Section 3 of the state act then provides that any taxing district in the State is authorized to file the petition mentioned in the 'Federal

Bankruptcy Statute'. Subsequent sections empower the taxing district upon the conditions stated to consummate a plan of readjustment in the event of its confirmation by the federal court. The statute concludes with a statement of the reasons for its passage.''

The statement of the reason for the enactment of the statute is contained in section 13 of said chapter 4, and is found on page 10 of the statutes of 1935. This volume of the statutes includes those statutes enacted at the special session of 1934, as well as those of the 1935 regular session. It is not necessary for the purpose of this opinion to set out said statement here.

The opinion concludes (page 53) with the following comprehensive statement, ''In the instant case, we have cooperation to provide a remedy for a serious condition in which the States alone were unable to afford relief. Improvement districts, such as the petitioner, were in distress. Economic disaster had made it impossible for them to meet their obligations. As the owners of property within the boundaries of the district could not pay adequate assessments, the power of taxation was useless. The creditors of the district were helpless. The natural and reasonable remedy through composition of the debts of the district was not available under state law by reason of the restriction imposed by the Federal Constitution upon the impairment of contracts by state legislation. The bankruptcy power is competent to give relief to debtors in such a plight and if there is any obstacle to its exercise in the case of the districts organized under state law it lies in the right of the State to oppose federal interference. The State steps in to remove that obstacle. The State acts in aid, and not in derogation, of its sovereign powers. It invites the intervention of the bankruptcy power to save its agency which the State itself is powerless to rescue. Through its cooperation with the national government the needed relief is given. We see no ground for the conclusion that the Federal Constitution, in the interest of state sovereignty, has reduced both sovereigns to helplessness in such a case.''

The Bekins case, in our opinion, effectually establishes the validity and constitutionality of both chapter 4 of the 1934 Extra Session Statutes, and chapter X (now chap. IX) of the United States Bankruptcy Act. We are in thorough

accord with the views therein expressed, and particularly in respect to its conclusion as to the constitutionality of the statute of our own state. (Chap. 4 of the 1934 Extra Sess. Stats.)

Appellants have advanced a number of grounds upon which it contends that chapter 4 of the 1934 Extra Session Statutes is unconstitutional and void, such as, that it is an unlawful attempt to impair the obligations of contracts; that it is an attempt to surrender the power of taxation; that it is an attempt to take private property for the payment of a public debt; and some others of like nature. This same argument was made before the Supreme Court of the United States in the Bekins case, and we understand by the same counsel now representing the appellants in the instant case. Some of them were answered by that court and others were evidently not thought of sufficient importance to require an answer. Undoubtedly the court considered each and every one of them, and found that none of them was meritorious.

It is further contended that in recent decisions rendered by this court we made important rulings with respect to the status of irrigation districts which, had they been rendered prior to the decision in the Bekins case, would have had a material bearing upon that decision, and would probably have resulted in an affirmance of the trial court's judgment instead of a reversal thereof. The cases referred to are: *Provident Land Corp.* v. *Zumwalt*, 12 Cal. (2d) 365 [85 Pac. (2d) 116]; *El Camino Irr. Dist.* v. *El Camino Land Corp.*, 12 Cal. (2d) 378 [85 Pac. (2d) 123]; *Moody* v. *Provident Irr. Dist.*, 12 Cal. (2d) 389 [85 Pac. (2d) 128]. No new principle of law was announced in any of these decisions. We held, for example, in the case of *El Camino Irr. Dist.* v. *El Camino Land Corp., supra,* p. 383, that irrigation districts ''are agencies of the state whose functions are considered exclusively governmental; their property is state owned, held only for governmental purposes; they own no land in the proprietary sense, within the rule of defendant's cases''. This statement is the most favorable statement from appellant's view to be found in any of the three cases relied upon by appellant. In support of this statement the court in the El Camino case cited the following authorities: *Whiteman* v. *Anderson-Cottonwood Irr. Dist.*, 60 Cal. App. 234 [212 Pac. 706]; *Turlock Irr. Dist.* v. *White,* 186 Cal. 183 [198 Pac. 1060, 17 A. L. R.

72] ; *Wood* v. *Imperial Irr. Dist.*, 216 Cal. 748, 752 [17 Pac. (2d) 128]. While the exact language of the El Camino case is not to be found in the cases just cited, the principle enunciated therein was firmly established in this state by the three cases cited in the opinion in the El Camino case and many others of this and other appellate courts of this state, many of which are to be found cited in the *Whiteman* v. *Anderson-Cottonwood Irr. Dist.* case, *supra*. All of these cases had been decided long prior to the time when the Bekins case was before the Supreme Court of the United States. The same argument was made there as is being made here, and that is, that an irrigation district is an agency of the state and its powers are exclusively governmental, and, therefore, it is not subject to the bankruptcy laws of the United States. We do not have the briefs of counsel in the Bekins case before us, but as the same counsel who appears here for the appellant appeared in the Bekins case, we must assume that the decisions of the courts of this state bearing upon the legal status of irrigation districts were called to the attention of the United States Supreme Court on the hearing of the Bekins case. We think it reasonable to assume that counsel would cite to the court all California cases bearing upon the powers of an irrigation district when the question before that court was the exact status of such a district created under the laws of California. We accordingly find no reason to conclude that the later decisions of this court rendered since the Bekins case, and relied upon by appellant have had any effect upon the authoritative value of the Bekins case.

It might be well to say a word of explanation respecting chapter 4 of the 1934 Extra Sessions Statutes. It was in effect at the time this action was filed. It was repealed in 1939 (Stats. 1939, p. 1009), but with the express proviso that its repeal should not impair or affect any action or proceeding commenced under sections 81 to 84 of the United States Bankruptcy Act while said chapter 4 was in effect. In the same act, repealing said statute, it was provided that, "The state of California hereby . . . consents to the application" of sections 81 to 84 of the United States Bankruptcy Act "to the taxing agencies and instrumentalities of this State". It would seem, therefore, that whichever of the two statutes may be held to be applicable to the present proceeding, the state has given its consent to the filing of the peti-

tion which the appellant alleges the respondents propose to file.

The judgment is affirmed.

Shenk, J., Carter, J., Gibson, J., and Waste, C. J., concurred.

EDMONDS, J., Dissenting.—The briefs now before the court in this case clearly show that the controversy between the parties has become moot. However, counsel contend that the court should nevertheless decide the issues originally before the superior court for decision because the question whether an irrigation district may avail itself of the laws relating to bankruptcy of "taxing districts" is of great public importance.

After the entry of judgment denying the appellant an injunction, the irrigation district filed a petition in bankruptcy, and proceedings thereon are now pending in the United States District Court. Although the complaint asks for declaratory relief as well as an injunction to prohibit the filing of any petition in bankruptcy, it alleges that the actual controversy between the parties entitling it to that relief relates to "the rights of the defendants to file a petition under said bankruptcy act". It is axiomatic that a court may not enjoin an act which has already been performed, and certainly no order made upon this appeal can affect the bankruptcy proceedings.

As all of the issues in this case became moot when the irrigation district took the action which the appellant has been attempting to prevent, it is the duty of this court to dismiss the appeal (*Weiss* v. *City of Los Angeles,* 190 Cal. 576 [213 Pac. 979]; *Atkins* v. *Hughes,* 208 Cal. 508, 509 [282 Pac. 787]) and, in my judgment, an order should be made accordingly.

Houser, J., concurred.

Rehearing denied.