## NEWHOUSE et al. v. CORCORAN IRR. DIST.

### No. 9293.

Circuit Court of Appeals, Ninth Circuit.

Sept. 5, 1940.

Rehearing Denied Oct. 15, 1940.

Clark, Nichols & Eltse, of Berkeley, Cal., for appellant Mary E. Morris.

W. Coburn Cook, of Turlock, Cal., for appellants Mason and Newhouse.

Athearn, Chandler & Farmer and A. E. Chandler, all of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

■ This is an appeal from an interlocutory decree of the United States District Court approving a plan for composition of bonded indebtedness [Chapter IX of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. §§ 401–404]. The facts and the issues raised in this case are well recited in the opinion of the Trial Judge, which is reported in 27 F.Supp. 322. This opinion correctly and sufficiently treats of the financial distress of the District and the plan for relief through the Reconstruction Finance Corporation, and correctly arrives at the conclusion that the District was insolvent in the sense that it was unable to meet its debts as they fell due and that the plan proposed was fair and equitable. We withhold from our approval all of those remarks found in said opinion which intimate that the acceptance of the plan by the holders of a large percentage of the principal amount of the bonds should have any influence in determining the fairness of the plan.

We have this day decided the case of West Coast Life Insurance Company v. Merced Irrigation District, 9 Cir., 114 F.2d 654, and have therein discussed and decided the principal legal points argued by the appellants herein, and they need not be restated.

■ Throughout appellants' briefs the principle of ordinary or private bankruptcy that the assets of the bankrupt, including his property, must be effectively applied to the debts, is sought to be applied to the situation before us. The bankruptcy of a public entity, however, is very different

from that of a private person or concern. The operative assets of an irrigation district and the value of the land of the District, of course, have their evidentiary value as to the amount of money the District can reasonably raise to meet its indebtedness. These elements of value are too affected by the incumbrances upon the land, which in this case appear to be very considerable. But such assets and such property within the District cannot be disposed of as in the ordinary bankruptcy proceeding for the benefit of the debtor. See Clough v. Compton-Delevan Irrigation District, 12 Cal.2d 385, 85 P.2d 126, 128.

There is also an earnest argument made that the District could raise money because it did so in order to comply with its obligation provided in the composition plan. But it must not be forgotten that the money was raised to make effective the reduction of the bonded indebtedness and the interest rate thereon. The evidence does not support the theory that such a fund could have been collected by assessment for the continued operation under the original heavy load.

The decree appealed from is affirmed.