## McDONALD et al. v. BANTA CARBONA IRR. DIST.

### No. 9591.

Circuit Court of Appeals, Ninth Circuit.

Dec. 4, 1941.

W. Coburn Cook, of Turlock, Cal., for appellants McDonald & J. R. Mason.

Clark, Nichols & Morton and George Clark, all of Berkeley, Cal., for appellant Mary E. Morris.

Rutherford, Jacobs, Cavalero & Dietrich, Newton Rutherford, D. R. Jacobs, Philip Cavalero, and Stephen Dietrich, all of Stockton, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a decree confirming a plan of composition under the provisions of the Bankruptcy Act relating to the composition of indebtedness of local taxing agencies, 11 U.S.C.A. §§ 401–404.

No extended review of the history of the Banta Carbona district or detailed analysis of its financial structure or difficulties need be undertaken. The district early defaulted in the payment of interest on its bonded debt and by 1932 had begun to borrow from its general fund to replenish the bond interest fund. Since that time, with the approval of the District Securities Commission of California, it has been operating pursuant to a local statute permitting reductions in annual levies for bond purposes where named adverse conditions are found to exist. Prior to the

institution of the present proceeding its bonds were selling at figures varying from a high of 59 in 1931 to a low of 19 in 1932 and 1933.

In 1938 the district arranged for a loan with the Reconstruction Finance Corporation and thereupon filed its petition for composition.[1] The plan provided for the payment of 61 cents on each dollar of principal of outstanding bonds and warrants. Of this amount the R.F.C. furnished 58.776 cents and the district, by arrangements not material here, supplied the balance. Creditors accepting the proposal were required to deliver their bonds or warrants to a San Francisco bank, with instructions to transfer the title to the same to the R.F.C. on receiving the 61 cents, the district to make its contribution by deposit with the same bank. As of the date of the filing of the petition approximately 90% of the bonds had been deposited and the owners had been paid the requisite percentage; and all warrants had likewise been deposited and taken over.

The sole contention we will discuss is that the plan discriminates in favor of warrant holders in that it accords to the latter a greater percentage of their claims than is accorded bondholders. The point is arrived at by an arithmetical computation which proves on inspection to be as inaccurate as it is immaterial. The argument has to do with interest on the two classes of securities accruing after July 1, 1932, prior to which date, with trifling exceptions, the warrants in question had been issued, presented for payment and registered. None of this interest, either on the bonds or on the warrants, is to be paid under the plan, although all coupons evidencing bond interest maturing on or prior to July 1, 1932 are taken care of in full. If there is any discrimination in the matter of interest it has operated in favor of the bondholders. Appellants, being bondholders, are in no position to complain of that.

The remaining points urged have been settled adversely to appellants in decisions of this court in cognate cases, beginning with West Coast Life Ins. Co. v. Merced Irrig. Dist., 114 F.2d 654, and terminating with Taylor et al. v. Provident Irrigation Dist., 123 F.2d 965, this day de-

cided. The arrangement here made between the district and the Reconstruction Finance Corporation differs in no material respect from those arrangements thought unobjectionable in the Merced case and in Newhouse v. Corcoran Irrig. Dist., 9 Cir., 114 F.2d 690 and Bekins et al. v. Lindsay-Strathmore Irrig. Dist., 9 Cir., 114 F.2d 680. The proof in support of the fairness of the plan is of the same character as that found sufficient in the cases mentioned. See particularly Taylor et al. v. Provident Irrig. Dist., supra. The trial court, along with other required findings, found that petitioner is insolvent and unable to meet its debts as they mature, and that the plan of composition is fair and equitable and in the interest of creditors. The record supports these findings.

Affirmed.

---

[1] Under the terms of the agreement the R. F. C. was entitled to receive 4% refunding bonds in the amount of the loan.