MASON v. MERCED IRR. DIST.

No. 9955.

Circuit Court of Appeals, Ninth Circuit.

March 21, 1942.

See, also, D.C.Cal., 25 F.Supp. 981; 9 Cir., 126 F.2d 921.

Peter Tum Suden, of San Francisco, Cal., for appellant.

Downey, Brand & Seymour and Stephen W. Downey, all of Sacramento, Cal., and C. Ray Robinson and Hugh K. Landram, both of Merced, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from the final decree in a proceeding under Chapter 9 of the Bankruptcy Act, 11 U.S.C.A. §§ 401–404, relating to the composition of indebtedness of local taxing agencies.

On February 21, 1939, the district court entered an interlocutory decree confirming the plan of composition proposed by the Merced District. There was an appeal by the present appellant and other dissenting bondholders, resulting in an affirmance, West Coast Life Insurance Company et al. v. Merced Irrigation District, 9 Cir., 114 F.2d 654. Certiorari was denied January 6, 1941, 311 U.S. 718, 61 S.Ct. 441, 85 L.Ed. 467. Thereafter the district deposited with the disbursing agent the sums necessary to pay the holders of outstanding bonds—other than those purchased by the Reconstruction Finance Corporation—on the basis of the approved plan. A final decree and order approving the report and account of the disbursing agent followed. The court found that the necessary sum had been set aside for dissenting bondholders and that all others had surrendered their bonds at the composition rate; and that the district had therefore, in the time and manner prescribed by the interlocutory decree, made available the consideration to be delivered to the bondholders under the approved plan and in full compliance therewith. The district was accordingly discharged from all debts and liabilities dealt with in the plan as previously confirmed.

Appellant does not dispute these findings. The question he now seeks to present is whether "the final decree herein constitutes an interference with the political and governmental powers of the state, and whether or not the sovereign power of the state to borrow money or to annually tax the lands composing irrigation districts dedicated as a public trust" has been subjected to "interference" within the intendment of 11 U.S.C.A. § 403, sub. c. This provides that the court "shall not, by any order or decree, in the proceeding or otherwise, interfere with (a) any of the political or governmental powers of the petitioner; or (b) any of the property or revenues of the petitioner necessary for essential governmental purposes; or (c) any income-producing property, unless the plan of composition so provides."

Appellant says that "the question of interference only arose upon the making and entry of the final decree." Appellant is mistaken. If there was any interference of the nature complained of, the interference was effected by the interlocutory decree. It was that decree which declared the plan of composition to be binding on the bondholders and which relieved the district from the necessity of levying taxes to pay the bonds. The final decree determined nothing except that the district had carried the interlocutory decree into effect. Consult 11 U.S.C.A. § 403, sub. f.

Appellant is not now in a position to complain of the interlocutory decree. Even if he were, the points he seeks to argue are without force. West Coast Life Insurance Company v. Merced Irrigation District Company, supra. The nubbin of the interference argument seems to be that the district is discharged of the debts upon its making the money available to the creditors pursuant to the approved plan of composition. But this can hardly be thought interference violative of the Act, for the end and purpose of the Act is to enable the taxing district to compose its debts; and the validity of the legislation as applied to irrigation districts in the state of California is settled. Lindsay-Strathmore Irrigation District v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137.

