## MASON v. ANDERSON-COTTONWOOD IRR. DIST.

### No. 9951.

Circuit Court of Appeals, Ninth Circuit.

March 21, 1942.

See, also, D.C.Cal., 19 F.Supp. 740.

Peter Tum Suden, of San Francisco, Cal., for appellant.

L. C. Smith, of Redding, Cal., and A. L. Cowell, of Stockton, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is a proceeding under Chapter 9 of the Bankruptcy Act, 11 U.S.C.A. §§ 401–404, relating to the composition of indebtedness of local taxing agencies.

The plan submitted by appellee irrigation district was approved by interlocutory decree confirming the same, entered January 15, 1940. Thereafter appellant Mason, a dissenting bondholder, appealed from the interlocutory decree. His appeal was dismissed by this court February 20, 1941, pursuant to a stipulation providing for such dismissal in the event of the denial of certiorari in the cognate case of West Coast Life Insurance Company v. Merced Irrigation District, 9 Cir., 114 F.2d 654. The present appeal is from the final decree subsequently entered pursuant to § 83 (f) of the Act, 11 U.S.C.A. § 403 (f).

Appeal was likewise taken by Mason from the final decree entered in the proceeding involving the Merced Irrigation District, Mason v. Merced Irr. Dist., 9 Cir., 126 F.2d 920, this day decided. Here, as in the Merced case, appellant argues that the final decree constitutes an unlawful interference with the taxing powers of the state. The argument in this respect was disposed of adversely to appellant in the companion case, Mason v. Merced Irrigation District, supra.

But one other matter need be noticed. In the district court appellant filed a statement of points in which he designated twenty-two errors proposed to be relied on upon the appeal. Point 14 was that "the court erred in fixing a period of twelve months within which creditors of the district must present their claims to the registrar for payment pursuant to the

plan of composition, in that such term should not be restricted to the period of twelve months." However, in his specification of errors in his brief appellant failed to mention this point, nor did he touch upon it in any way until the oral argument.

Our rule 20, subdivision 2(d), provides that the brief shall contain "a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged." In view of the failure to specify the point or to argue it in the brief, the alleged error will not be considered.

Affirmed.