## NOLANDER v. BUTTE VALLEY IRR. DIST.

No. 10139.

Circuit Court of Appeals, Ninth Circuit.

Dec. 31, 1942.

Rehearing Denied Feb. 11, 1943.

Newell J. Hooey, of San Francisco, Cal., for appellant.

Daniel S. Carlton and Oliver J. Carter, both of Redding, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a final decree in a proceeding under Chapter IX of the Bankruptcy Act, 11 U.S.C. §§ 401-404, 11 U.S.C.A. §§ 401-404, for the composition of the indebtedness of the appellee, an irrigation district created under the California Irrigation District Act of the State of California, Cal.Stat.1897, p. 254, as amended, Deering's General Laws, Act 3854.

■ A. Appellant contends that the final decree is an interference with the political and governmental duties and powers of the district. Appellant concedes this contention has been decided against him by our decision in Mason v. Merced Irrigation District, 9 Cir., 126 F.2d 920, and Mason v. Anderson-Cottonwood Irrigation District, 9 Cir., 126 F.2d 921, on both of which certiorari has been denied. 63 S.Ct. 38, 87 L.Ed. —; 316 U.S. 697, 62 S.Ct. 1293, 86 L.Ed. 1767.

B. Appellant contends that the district court erred in its decree enjoining the bondholders from asserting any claims against the land within the district or its land owners after the entry of the decree. The provision complained of is "(c) That all the old bonds and other obligations of the petitioning district affected by the plan of composition approved in this cause, whether heretofore surrendered and cancelled or remaining outstanding, and by whomsoever held, are hereby cancelled, annulled and held for naught as enforceable obligations of the petitioning district, except as herein provided, and that the holders thereof be and they are hereby forever restrained and *enjoined from otherwise asserting any claim or demand whatsoever therefor as against* the petitioning district or its officers, or *against the property situated therein or the owners thereof; * * *.*" (Emphasis supplied.)

Appellant claims that though, as in other decrees approved by this court, the ·bonds are declared void for all purposes and their surrender required for the payment of the amounts found due thereon, there should be reserved to the former bondholders the right to claim a lien on the land or the right to sue land owners in the district upon some obligation arising from the bonds other than the obligation of the corporate entity of the district.

■ We do not so regard the provisions of Chapter IX. The primary purpose of the pertinent bankruptcy provisions is that the district shall go forward free in all respects of any liability for the district's obligations, bond and otherwise, other than that of the decree.

■ C. Appellant contends that the bankruptcy court has no right to use the injunctive process to make effective the finality of the provisions of the decree. There is no merit in this contention. Item 15 of Section 2 of the Bankruptcy Act, which grants the bankruptcy courts jurisdiction in law and equity, provides that the court may " * * * (15) make such orders, issue such process, and' enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act [title]." and Section 262 of the Judicial Code 28 U.S.C.A. § 377, provides that " * * * the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

D. Appellant seeks to have us consider a claimed error, unassigned in his statement of points on appeal, that there is no finding in the interlocutory decree that the amount offered to the bondholders "is all that the district can pay." With this lack of assignment it was stipulated that the evidence should be excluded from our consideration.

■ On the hearing we could not obtain the assurance of appellant's counsel that the evidence would not afford an uncontradicted support for the missing finding, and present a case where it would be simply waste motion to return it to the district court. Hence we decline to consider the unassigned error. Cf. United States v. Sligh, 9 Cir., 31 F.2d 735, 736; Kustoff v. Chaplin, 9 Cir., 120 F.2d 551, 559.

■ E. Appellant contends that the court erred in limiting to a year from the date of the final decree the period within which the bondholders may claim the amount decreed him. The decree does so confine the period. Instead it should have made the time a year from the date the decree is disposed of on appeal and on petition for certiorari, if any, or by failure to appeal or to seek certiorari. The period here has been extended by stipulation and order and hence the appellant is held en-

titled to collect the amount due him within a year from the date the decree so becomes final. At the hearing it became clear that appellant was not prejudiced, hence he has no further standing here to make the contention. Decatur Bank v. St. Louis Bank, 21 Wall. 294, 301, 22 L.Ed. 560.

The decree of the district court is affirmed.

Affirmed.