## MASON v. PALO VERDE IRR. DIST.

### No. 10209.

Circuit Court of Appeals, Ninth Circuit.

Jan. 6, 1943.

W. Coburn Cook, of Turlock, Cal., for appellant.

Stewart, Shaw & Murphey, Arvin B. Shaw, Jr., and Wm. L. Murphey, all of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

On September 5, 1940, this court decided the case entitled West Coast Life Ins. Co. et al., v. Merced Irrigation District, and the opinion rendered at that time is reported in 114 F.2d 654 [certiorari denied Pacific Nat. Bank of San Francisco v. Merced Irr. Dist., 311 U.S. 718, 61 S.Ct. 441, 85 L.Ed. 467]. Numerous and important questions of law relative to the constitutionality of Chapter IX of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. §§ 401–404, and the legality of acts of Reconstruction Finance Corporation furnishing money to rescue irrigation districts from financial distress, were raised in this case and exhaustively treated in the opinion. We shall have occasion in this opinion to refer to this case and shall refer to it simply as the Merced case.

Following the Merced case, this court decided a number of irrigation district bankruptcy cases, each of which raised some points treated in the Merced opinion, together with other points peculiar to each separate case. Each case raised a point

common to it and the Merced case, as well, and this court decided the point in accord with and by reference to the Merced opinion and decision. These cases are: Moody et al. v. James Irr. Dist., 114 F.2d 685; Bekins et al. v. Lindsay-Strathmore Irr. Dist., 114 F.2d 680, 681; Newhouse et al. v. Corcoran Irr. Dist., 114 F.2d 690; Fano v. Newport Heights Irr. Dist., 114 F.2d 563; Jordan et al. v. Palo Verde Irr. Dist., 114 F. 2d 691. The last cited case is again before us on this appeal, and we adopt the statement of facts as contained in the former opinion insofar as they are pertinent here without repeating them. The former appeal was here upon the interlocutory judgment and this appeal is upon the final judgment.

Appellant's first point: "The court was without jurisdiction to enter the decree and the decree interferes with the governmental political affairs of the Palo Verde Irrigation District."

 We are of the opinion that this point is res judicata, having been presented in the former appeal. If, however, there can be any question as to the res judicata status of the point, we here hold against appellee's contention upon authority of the Merced case and Mason v. Anderson-Cottonwood Irr. Dist., 9 Cir., 126 F.2d 921.

Appellant contends that: "The plan of composition is not fair, equitable or just, and the court erred in determining in the final decree that the plan is fair, equitable and just."

■ The point was adjudicated in the first opinion in this case against the claim of appellant and the repetition in the final decree is of no moment. The district was hopelessly in debt and could have paid practically nothing but for the interposition of Reconstruction Finance Corporation. The facts demonstrating this are fully related in the former opinion.

■ Appellant contends that: The fixing of a period of twelve months within which bondholders should deposit their bonds in court was error. The same point was made in Mason v. Anderson-Cottonwood Irr. Dist., supra. There is no merit to the contention.

The appellant claims that: "The court erred in entertaining a decree enjoining the bondholders from asserting any claims after the entry of the decree." He also claims that Title 28, § 383, U.S.C.A., was not complied with in the injunctive order.

■ The injunction is designed to make effective the remedial provisions of the Bankruptcy Act and is plain enough on its face to indicate that there shall be no presentation of or action presented for the cancelled bonds. The facts of the case positively negative the possibility of any harm or injury resulting to appellant from the form of the injunction.

Appellant lastly contends: "The court erred in changing the plan of composition by the final decree and in entering a decree altering the terms and meaning of the interlocutory decree."

■ We can see no advantage to anyone by discussing this point in detail. The court did not attempt to nor did it alter the interlocutory decree in any manner. It did as it says it did, construe, interpret and apply the part of the interlocutory decree according to its "true intent and meaning" in order to make plain that a strained, unjust and inconsistent construction argued for by appellant should not be followed. Essentially the same situation arose in the Mason-Anderson-Cottonwood Irr. Dist. case, supra.

The judgment appealed from is affirmed.