## ANDERSON–COTTONWOOD IRR. DIST. v. MASON.

### No. 10271.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1943.

L. C. Smith, of Redding, Cal., and A. L. Cowell, of Stockton, Cal., for appellant.

Paul A. McCarthy, of San Francisco, Cal., and W. Coburn Cook, of Turlock, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appeal is taken from an order of the court below staying a decree made in a proceeding brought by appellant which sought confirmation of a plan of composition with its creditors under Chapter IX of the Chandler Act. 11 U.S.C.A. § 401 et seq.

Appellant filed in the court below a plan of composition. The court below entered a decree approving the plan of composition on July 7, 1941. Paragraph (b) of the decree provided that $24,799.14 which had been paid into Court should be disbursed for the purpose of retiring old obligations of appellant "which may be presented to the Registrar for that purpose within the period of twelve (12) months from the date hereof"; and that all such bonds which were not so presented to the Registrar within the 12 months should "be forever barred from participating in the plan of composition or in the funds held in the registry of this Court". Paragraph (c) of the decree provided that all old bonds of appellant "are hereby cancelled, annulled and held for naught as enforceable obligations of the petitioning district, except as herein provided".

Prior to the entry of the decree, appellee objected to the form thereof on the ground "that it provides for a time limit within which the creditors shall surrender their bonds and coupons which is not within the scope of Sec. 83 of the Bankruptcy Act of 1898". Appellee also submitted a form of final decree, together with a memorandum in support thereof, in which he stated:

"There is no provision in the statute for placing a time limit on when the creditors can receive the money or consideration deposited for them. As a matter of fact, the statute of limitations is certainly not less than four years and it might be pointed out that there is no more reason for terminating the right of the creditor to get his money from the Clerk of the court than for providing that after money has been on deposit with a bank for a year the depositor cannot get his money back."

Appellee appealed from the decree. One of his statement of points was: "The court erred in fixing a period of twelve months within which creditors of the district must present their claims to the registrar for payment pursuant to the plan of composition, in that such term should not be restricted to the period of twelve months". On March 21, 1942, this court affirmed the decree, holding with respect to the point mentioned: "In view of the failure to specify the point or to argue it in the brief, the alleged error will not be considered". 9 Cir., 126 F.2d 921, 922.

Pursuant to an application of appellee, Judge Healy of this court, on April 16, 1942, made an order as follows: "It is ordered that the running of the time within which appellant may present his bonds and coupons to the Registrar for payment pursuant to the plan of composition as provided in the Final Decree is suspended until and for a period of sixty days after the United States Supreme Court shall have passed upon applicant's petition for writ of certiorari or if such writ be granted until a period of sixty days after the final decree shall have become final."

Certiorari was denied by the Supreme Court on June 1, 1942, 316 U.S. 697, 62 S. Ct. 1293, 86 L.Ed. 1767. Mandate was issued by this court on June 6, 1942, and spread on the minutes of the court below on June 9, 1942. Appellee then petitioned the Supreme Court for a rehearing, and on June 29, 1942, moved the court below for an order suspending that part of the decree requiring deposit of the bonds on or before July 7, 1942, and ordering that the time be extended until a reasonable period after action by the Supreme Court on the petition for rehearing.

On July 1, 1942, the court below entered an order granting the motion on condition that a bond of $500 be filed, and providing that creditors "are hereby granted an extension of time to October 31, 1942, within which to deposit their bonds with the Clerk of this Court instead of July 7, 1942, as provided in the final decree."

On July 3, 1942, appellee delivered to the clerk of the court below some $41,000 of bonds "to prevent possible further contro-

versy and litigation" and stating that the deposit was made "* * * only by reason of the Final Decree herein requiring that the said securities be deposited with you on or before July 7, 1942, and providing in the alternative that if they be not deposited on or before that date the same should be void. No transfer of the title to any bonds or coupons handed you herewith is effected or consented to by this deposit, and I decline to take the money payable by you under the said Final Decree at this time, and protest the said Final Decree in so far as the same is not final but possibly none the less operative, and if as a result of the Petition for a Rehearing the said Final Decree should be reversed, I intend to, and will claim each and every right that I am entitled to under and by virtue of my ownership or possession of the above listed bonds and coupons, and you shall return to me or my order these securities, on demand."

Appellant appealed from the order of July 1, 1942. The court below then ordered that a supersedeas bond be filed in the amount of $17,300 and ordered the Clerk not to pay any money on deposit to any creditor until the appeal is finally determined.

Appellee then filed a motion for an order setting aside that part of the order prohibiting payment prior to the determination of the appeal, or in the alternative, for an order remanding the cause to the court below with instructions to consider and pass on the motion.

Appellant contends that under 28 U.S.C.A. § 350, the power of the court below was limited to staying enforcement of the decree for a reasonable time to enable appellee "to apply for and to obtain" a writ of certiorari, and that it could not do more, and that the court below had no power to "change" the provisions of the final decree. In our view the case has become moot and the appeal should be dismissed.

It is obvious that appellee's deposit of bonds was made for the express purpose of protecting appellee, whether the decree was finally set aside or not. It is perfectly plain that appellee intended his deposit to be complete compliance with the decree if he failed in his effort to have it set aside. On the other hand, it is also plain that appellee intended that the deposit should not prejudice him in the event he was successful in his effort to have the decree set aside. We know of no reason why such a deposit could not or should not be made, and we are not disposed to frustrate the intention of appellee by sustaining hypertechnical objections to the terms of the deposit when the intention in making the deposit is too clear for argument.

It is unnecessary to pass on appellee's motion in view of our decision.

Appeal dismissed.