MASON v. BANTA CARBONA IRR. DIST.

No. 10670.

Circuit Court of Appeals, Ninth Circuit.

April 20, 1945.

Rehearing Denied May 18, 1945.

J. R. Mason, in pro. per., for appellant.

Rutherford, Jacobs, Cavelero & Dietrich, Newton Rutherford, D. R. Jacobs, Philip Cavalero, and Stephen Dietrich, all of Stockton, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

A petition for the composition of its indebtedness as a local taxing agency under the California Irrigation District Act of 1897 (Cal.Stat.1897, p. 254), and amendatory acts, was filed by appellee under the

---

[1] See authorities cited United States v. Johnson, 7 Cir., 142 F.2d 588 at page 592.

terms of the Bankruptcy Act, 11 U.S.C.A. §§ 401–404. A plan for composition was confirmed by the district court sitting in bankruptcy, its interlocutory decree affirmed by this court, McDonald v. Banta Carbona Irr. Dist., 9 Cir., 1941, 123 F.2d 968, and a writ of certiorari denied by the Supreme Court, 1942, 316 U.S. 668, 62 S.Ct. 1034, 86 L.Ed. 1743. Subsequently, the district court entered its final decree in the proceedings, and the instant matter is an appeal therefrom taken by a bondholder-creditor of appellee irrigation district.

Appellant argues five propositions.

First Proposition. The final decree provides that outstanding bonds must be presented to the court registrar, for retiring and refinancing from funds held by him, within twelve months from the date of the decree or from the date the decree becomes final should an appeal be taken, that outstanding obligations not presented within such time will be barred from participating in the plan of composition or in the funds held in the registry of the court, that all obligations of appellee district affected by the plan of composition are cancelled, and that their holders are forever restrained from otherwise asserting any claim therefor as against the district, its officers, property situated therein, or the owners of such property.

According to appellant's argument the provision compelling the acceptance within twelve months of a certain composition sum and restraining the prosecution of a state court action to require an accounting by state officials as trustees assumes that the state courts will incorrectly determine the rights of the parties and is a restraint not authorized by any section of the Bankruptcy Act.

A limitation that all outstanding bonds be presented to the court registrar within twelve months after the final decree becomes final was held reasonable and proper by this court in Mason v. El Dorado Irr. Dist., 9 Cir., 1944, 144 F.2d 189, 190, certiorari denied 65 S.Ct. 91. The restraint clause was approved, although against a slightly different argument, in Nolander v. Butte Valley Irr. Dist., 9 Cir., 1942, 132 F.2d 704, 705; the court's reasoning in favor of the clause is equally applicable herein.

Second Proposition. Appellant insists that a lack of consent to every step in the proceedings and therefore a lack of jurisdiction under Chapter IX of the Bankruptcy Act arises from the surrender and cancellation before the final decree of all bonds involved in the composition except those of appellant and other minority holders. The proposition was answered adversely to appellant in Mason v. El Dorado Irr. Dist., supra.

Third Proposition. The contention that the final decree violates Clause 2, Section 3, Article 4 of the Constitution of the United States was similarly raised and held without merit in Mason v. El Dorado Irr. Dist., supra.

Fourth Proposition. Appellant objects to the composition procedure terminating in the final decree herein on the ground that the obligations of contracts are thereby impaired contrary to the terms of Section 10, Article 1, of the federal Constitution. Appellant's objection cannot be supported in the light of previous decisions. United States v. Bekins, 1938, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137; West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 1940, 114 F.2d 654, 665; Peoples State Bank v. Imperial Irr. Dist., 1940, 15 Cal.2d 397, 101 P.2d 466, 468.

Fifth Proposition. A violation of the Fifth and Fourteenth Amendments to the Constitution is claimed on the ground that the final decree deprives appellant of property embodied in his bonds. The point was decided adversely to appellant in Glenn-Colusa Irr. Dist. v. Mason, 9 Cir., 1944, 143 F.2d 564, 565.

The final decree is affirmed.