## MASON v. MERCED IRR. DIST.
### No. 11554.

Circuit Court of Appeals, Ninth Circuit.
Jan. 19, 1948.

Rehearing Denied Feb. 18, 1948.

J. R. Mason, in pro. per., for appellant.

John F. Downey and Downey, Brand, Seymour & Rohwer, all of Sacramento,. Cal., for appellee.

Before GARRECHT, MATHEWS and. HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

On June 17, 1938, appellee, Merced Irrigation District, filed a petition under chapter 9 (§§ 81–84) of the Bankruptcy Act, 11 U.S.C.A. §§ 401–404. At the time of filing the petition, appellee had outstanding $16,190,000 of bonds, hereafter called old bonds, of which $18,000 (18 bonds of the face value of $1,000 each) were owned and held by appellant, J. R. Mason. With the petition, appellee filed and submitted a plan of composition, which provided for the retirement of the old bonds by paying to the holders 51.501% of the principal amount thereof.

The petition was approved, notice was given to appellee's creditors, a hearing was had, an opinion was filed,[1] and on February 21, 1939, an interlocutory decree was entered confirming the plan. The interlocutory decree was affirmed on September 5,. 1940.[2] Certiorari to review its affirmance was denied on January 6, 1941.[3]

The interlocutory decree appointed a disbursing agent; required appellee to deposit with the disbursing agent the sum necessary to pay to the holders of the old bonds 51.501% of the principal amount thereof; required the holders of such bonds to deposit them, with unpaid interest coupons at-

---

[1] In re Merced Irrigation District, D.C. S.D.Cal., 25 F.Supp. 981.

[2] West Coast Life Ins. Co. v. Merced Irrigation District, 9 Cir., 114 F.2d 654.

[3] Pacific National Bank v. Merced Irrigation District, 311 U.S. 718, 61 S.Ct. 441, 85 L.Ed. 467.

tached, with the disbursing agent before receiving payment; and provided:

"That in the event any of the old bonds and interest coupons are not surrendered to the disbursing agent within sixty (60) days after receipt by such agent of the money with which to retire the same, or such additional time as the judge may allow, then the proportionate sum to which the holders thereof may be entitled under the plan of composition, and terms of this decree, shall be paid by the disbursing agent to the clerk of this court as registrar, and thereafter paid by him to the holders of such bonds * * *

"That after the expiration of sixty (60) days from the date of receipt of the funds to carry out the terms of the plan of composition and retire the [old bonds] as provided in such plan, the disbursing agent shall make full and complete report to this court for confirmation, including an itemized statement of all receipts and disbursements, together with the list of old bonds outstanding at the time of such report * * *"

Appellee and the disbursing agent complied with the interlocutory decree. Some of the old bonds, including those held by appellant, were not surrendered to the disbursing agent. The proportionate sum ($54,506.95) to which the holders thereof were entitled was accordingly paid by the disbursing agent to the clerk of the District Court as registrar. The disbursing agent's report was filed on June 17, 1941. A final decree was entered on July 15, 1941, and was affirmed on March 21, 1942.[4] Certiorari to review its affirmance was denied on November 9, 1942.[5]

By the final decree, the disbursing agent's report was approved; holders of the old bonds were permanently enjoined from asserting any claim or demand thereon against appellee or against property within appellee or against the owners of such property; appellee was discharged from all debts and liabilities evidenced by the old bonds; and except as provided in paragraph 2 of the final decree, the old bonds were canceled and annulled. Paragraph 2 provided:

"That the sum of $54,506.95 paid to the clerk of this court as registrar herein by said disbursing agent be disbursed by the registrar for the purpose of taking up and retiring, in accordance with the plan of composition approved in this cause, such remaining outstanding old obligations of [appellee] as are affected by the plan of composition[6] and which may be presented to the registrar for that purpose One year after date of entry of this decree and annually thereafter until otherwise ordered by the court, [appellee] shall submit herein a report showing the obligations affected by the plan of composition which have been taken up at the composition rate during such year, and the registrar shall likewise, at least once a year, submit a similar report of bonds taken up and the balance, if any, of money remaining in his hands. If any money shall remain in the hands of the registrar after [appellee] claims that the statute of limitations applicable to its still outstanding obligations, if any, has run, [appellee] may so report to this court for such further action respecting said money remaining in the hands of the registrar as this court may determine to be proper and for the final closing of this proceeding."

Between July 15, 1941, and December 31, 1946, some of the old bonds which had not been surrendered to the disbursing agent were surrendered to the clerk as registrar and were retired by paying to the holders thereof their proportionate shares of the $54,506.95 received by the clerk from the disbursing agent. There remained unsurrendered the old bonds held by appellant and two others (H. K. Busche and F. C. Busche). Of the $54,506.95, there remained in the clerk's hands $32,811.59, of which $9,270.18 (51.501% of $18,000) was held by the clerk for the retirement of the old bonds held by appellant.

On December 31, 1946, an order was entered which, in effect, fixed a time within which the old bonds remaining unsurrendered should be surrendered to the clerk

4 Mason v. Merced Irrigation District, 9 Cir., 126 F.2d 920.

5 Mason v. Merced Irrigation District, 317 U.S. 707, 63 S.Ct. 153, 87 L.Ed. 564.

6 All the old bonds were affected by the plan.

for retirement, namely, 45 days from the date of the order; provided that, upon surrender of such bonds within said period of 45 days, the clerk should pay the holders thereof the sums to which they were entitled under the plan of composition; and provided that, upon the expiration of said period, all money remaining in the clerk's hands from the $54,506.95 received by him from the disbursing agent should be paid to appellee. From that order this appeal is prosecuted.

■ The final decree could have fixed a time within which the old bonds remaining unsurrendered should be surrendered to the clerk for retirement,[7] but it did not.[8] Not having been fixed by the final decree, such a time could be fixed by a subsequent order. That was done by the order here appealed from. We think that 45 days was a reasonable time. However, we think that, instead of running from the date of the order, the 45-day period should run from the date on which the order becomes final.[9] The order will be modified by striking therefrom the phrase "from the date hereof," wherever it occurs, and substituting therefor the phrase "from the date on which this order becomes final."

The court, at the time of entering the order, stated the following so-called findings, which actually were conclusions of law: "That all outstanding bonds and coupons of [appellee] affected by the plan of composition herein, and all claims of whatsoever nature based thereon, are now barred by the statutes of limitation applicable thereto and do not now constitute valid claims against [appellee] nor against said fund deposited by [appellee] with this court;[10] that the owners and/or holders of said outstanding bonds and/or coupons are guilty of laches in the premises and are barred thereby and by applicable statutes of limitation from receiving any part of said fund on deposit herein and/or from asserting any claim whatsoever against [appellee] based on said bonds and/or coupons."

Appellant contends that these conclusions were erroneous. This contention need not be considered; for, after reaching the conclusions mentioned, the court concluded that it was "nevertheless vested with equitable power and authority to authorize the owners of said bonds and coupons an additional period of forty-five (45) days from the date hereof within which to deposit said bonds and/or coupons with, and surrender said bonds and/or coupons, to this court and to thereupon receive from said fund deposited by [appellee] herein payment therefor at the composition rate approved in this cause." The order, as entered, allowed the "additional" period of 45 days from its date and, as modified here, will allow 45 days from the date on which it becomes final. Hence the conclusions complained of by appellant, if erroneous, were not prejudicial.

■ Appellant contends that the order was erroneous in providing that, upon the expiration of the 45-day period mentioned therein, all money remaining in the clerk's hands from the $54,506.95 received by him from the disbursing agent should be paid to appellee. Under the order, as modified here, appellant will have the right, within 45 days from the date on which the order becomes final, to surrender the old bonds held by him and receive payment therefor at the composition rate. If he exercises that right, he will not be affected by the provision complained of. If he does not, he will not be entitled to any of the money remaining in the clerk's hands and hence should not be heard to complain of its payment to appellee.

Other contentions of appellant are so ob-

---

[7] Nolander v. Butte Irrigation District, 9 Cir., 132 F.2d 704; Mason v. Palo Verde Irrigation District, 9 Cir., 132 F.2d 714; Mason v. El Dorado Irrigation District, 9 Cir., 144 F.2d 189; Mason v. Banta Carbona Irrigation District, 9 Cir., 149 F.2d 49.

[8] Apparently the person who drafted the final decree assumed that there was a statute of limitations fixing a time within which the old bonds should be surrendered. There was and is no such statute.

[9] Nolander v. Butte Irrigation District, supra; Mason v. El Dorado Irrigation District, supra.

[10] Meaning, obviously, the sum deposited by appellee with the disbursing agent, of which sum $54,506.95 was paid by the disbursing agent to the clerk of the court as registrar.

viously lacking in merit as not to require discussion.

The order is modified as indicated above and, as thus modified, is affirmed.